Eloise A. **FROST**, Appellant,

v.

James M. **HAYS**, Appellee.

No. 2234.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 3, 1958.

Decided Dec. 12, 1958.

Earl H. Davis, Washington, D. C., for appellant.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Plaintiff, Mrs. Frost, was a passenger in an automobile which stalled by a roadside. Defendant came along and offered the driver a tow. The offer being accepted he attached a chain and towed the automobile down a long hill. The two vehicles became involved in a collision with another which was standing and waiting for a traffic light. Claiming personal injuries plaintiff brought this action and a jury decided against her.

A substantial part of appellant's brief is devoted to the argument that defendant, having volunteered to tow the automobile, was required to exercise due care. This proposition was not questioned in the trial court, and it is not an issue on this appeal. The verdict was challenged on motion for new trial, but submission of the case to the jury has not been assigned as error.

■ Plaintiff produced evidence that defendant towed the car of plaintiff's host at an excessive speed and disregarded slow-down signals given by horn and hand and lights. But defendant denied this and testified that he towed the car at a moderate speed; also that he stopped before reaching the parked automobile and was then struck by the towed car and forced into the car ahead of him. It was for the jury to say whether he was negligent.

Error is assigned as to refusal of the following instruction:

"The Court instructs the jury that you may consider, in weighing the evidence of the defendant herein, and judging as to the credibility to be attached thereto, the fact that his plea of 'guilty' to the Traffic Charge of 'failing to give full time and attention,' is an admission against his own interest herein."

■ This was based on the fact that in the traffic branch of the trial court defendant had, in connection with this collision, entered a plea of guilty to violation of a municipal ordinance in "failing to give full time and attention" to the operation of his automobile. Part of appellant's argument is that this could be used to attack defendant's credibility as one "convicted of crime" under Code 1951, § 14–305. But it has been held that this does not include "violation of municipal ordinances, or for that matter misdemeanors, involving no element of inherent wickedness." Clawans v. District of Columbia, 61 App.D.C. 298, 299, 62 F.2d 383, 384.

Evidence of the plea of guilty was properly received as an admission against defendant's interest, and plaintiff's counsel was permitted to argue that to the jury. The general subject of credibility of witnesses was covered accurately and fairly in the charge to the jury, and we think the judge was not required to make it the subject of a separate instruction and thereby risk over-emphasizing one piece of evidence.

■ Another assignment of error deals with denial of plaintiff's motion for new trial, which was based in part on a claim of newly discovered evidence. The motion was accompanied by the affidavit of a man who said he saw defendant driving at an excessive rate of speed. But the statement of this witness had been presented at

the trial; this was accomplished when a police officer was permitted to quote the witness' statement to the jury. The established test in such situations is whether the evidence is truly newly discovered, could not reasonably have been discovered in advance of trial, is not merely cumulative or impeaching, and is such as would likely produce a different result at a new trial. Bradley v. Prince, D.C.Mun.App., 105 A.2d 253. The record leaves considerable doubt as to all these elements, and the trial court did not err in denying a new trial.

Affirmed.