HANNAH, APPELLANT, *v.* IKE TOPPER STRUCTURAL STEEL
CO. ET AL., APPELLEES.

(No. 7069—Decided April 2, 1963.)

*Mr. Paul M. Herbert* and *Mr. Thomas M. Herbert,* for appellant.

*Messrs. Wiles, Doucher & Tressler* and *Mr. Paul W. Martin,* for appellees.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County, Ohio, for the defendants-appellees in an action based upon automobile negligence.

The first assignment of error states:

"The trial court erred in refusing to permit counsel for the plaintiff to cross-examine defendant Herbert Baker relative to his entering a plea of guilty to the crime of failing to yield the right-of-way at a stop sign."

The collision occurred at the intersection of Bruck Street and Morrill Avenue in Columbus, Ohio. The defendant-appellee Baker, at several points in the record, testified that he stopped for a stop sign on Morrill Avenue, then proceeded into the intersection, and then stopped again when he saw the plaintiff's vehicle. The following appears in the record:

"Q. All right, I am going to ask you if on the 27th day of July, or thereabouts, 1959, you didn't say over at the traffic bureau at the Police Station that you did go through a stop sign without stopping? A. No, sir, I never said anything of the kind.

"Q. Did you sign any paper to that effect?

"Mr. Wiles: I object.

"The Court: He said he didn't say it.

"Q. Did you sign a paper to that effect? A. I don't recall.

"Q. Do you deny that you did? A. I don't remember signing any paper.

"Q. Did you then pay a fine? A. Yes, sir.

"Mr. Wiles: I object, now.

"The Court: All right.

"Mr. Wiles: Now, Your Honor, this brings up a legal question.

"The Court: Yes, stay away from that or you are going to get into trouble.

"Q. Didn't you confess and waive appearance in court and say you went through a stop sign?

"Mr. Wiles: I object.

"The Court: Yes, I will sustain that."

Later, appellant called as a witness and proffered the testimony of the deputy clerk of the Municipal Court of Columbus, Ohio. On direct examination this witness identified a "traffic ticket" consisting of an officer's affidavit charging appellee with failure to yield at a stop sign at Morrill and Bruck, the accused's copy, and an attached form signed by appellee Baker. This form states:

"I, the undersigned, hereby authorize and direct the Clerk

of the Municipal Court of Columbus, Ohio, or his Deputy, to enter a plea of guilty for me to the charge set forth in the affidavit, waive a trial, and voluntarily pay the penalty prescribed by the Court for this offense as designated on the back of the violation notification.

Name /s/ Herbert Baker
Address   1001 Lilley Ave.''

On cross-examination the clerk testified as follows:

''Q. What did you do with the plea?   A. You mean after the violator signs this?

''Q. Yes.  A. We write it up on the register and it was paid and that entered his plea right there.''

Appellant contends that the examination of appellee Baker was erroneously limited and that the exclusion of the proffered evidence of the clerk and the exhibit (traffic ticket and signed form) was equally erroneous.  Counsel relies on three grounds for admissibility:

(1) Impeachment by proof of a prior conviction of a crime.

(2) Impeachment by proof of a prior inconsistent statement.

(3) Independent evidence of a material fact by admission of a party.

The ground of prior conviction rests on the case of *State* v. *Murdock* (1961), 172 Ohio St., 221.  The rule of that case is inapplicable on this record.  As the quotation shows, nowhere in the examination of appellee Baker was he asked about a *conviction*.  Nowhere in the testimony of the clerk or in the proffered exhibit is there anything suggesting that the alleged plea of guilty was accepted by the *court* and became a conviction.  There is, of course, a vital difference between a tender of a plea of guilty and a conviction.  The latter requires the act of a judicial officer.  The clerk's testimony goes no further than to indicate that the alleged plea was ''registered'' by the clerk. Without proof that it was accepted by the court, appellant cannot bring himself within the ground of impeachment by proof of a prior conviction.

The grounds of prior inconsistent statement and independent evidence are more difficult.  There is considerable authority that a plea of guilty to an offense which involves conduct in issue may be admissible.  If the statement here be considered

as an admission of the fact of failure to yield for the stop sign, then the questions were proper, and the testimony of the clerk and the exhibit should have been accepted. Cf. *State* v. *Morello* (1959), 169 Ohio St., 213, and see cases cited in 21 Ohio Jurisprudence (2d), 358, Evidence, Section 352, and 98 Corpus Juris Secundum, 571, Witnesses, Section 593.

However, in our opinion, the statement here has not obtained the dignity of a confession of fact. The circumstances are such that we do not believe it can be considered as so intended. It is established law in this district that an arrest and forfeiture of bond are not admissible in a negligence action. When the district was still part of the second district, this court held that the admission of proof of a bond forfeiture was prejudicial error. *Stover* v. *Yoakum* (1952), 69 Ohio Law Abs., 51, motion to certify overruled February 25, 1953. The record here indicates that the statement was made in the course of appellee's paying a fine under what has been called the "cafeteria" system for minor traffic offenses. This system permits a person charged with certain offenses to have the option of paying an amount to the clerk at a pre-scheduled rate and without appearance in court (in most instances a check may be mailed). We think it must be recognized that the cost of defense compared to the amount charged and the inconvenience, as well as indirect economic losses of court appearances, are practical motivations behind the act of a person both in bond forfeiture and in the system involved here. It might also be noted that, unlike the present law, the law in 1959 did not provide for the plea of "no contest." The system involved here is used instead of bond forfeiture for reasons related to the fiscal laws and the administrative convenience of the clerk and auditor. The distinction between the two methods is one of form and not of substance.

Accordingly, in our view, the statement signed by appellee Baker does not, under these circumstances, constitute an admission of the fact that he did the act charged in the ticket, and the evidence was properly excluded.

The second assignment of error relates to portions of a special charge, argument of counsel and the general charge. In each the statement appears that plaintiff had the burden of proving "all the material allegations" of his amended petition.

Appellant points to the fact that there are several specifications of negligence, and that his burden was only to establish one of them. This complaint amounts to the charge that there was a failure to adequately define the meaning of "material allegations." Taken by themselves, it must be conceded that the clarity of the statements leaves something to be desired. However, in other portions of the argument for appellee and of the general charge by the court, the law was accurately and fully explained. In our opinion, there was no prejudicial error.

In the third assignment appellant complains of another statement in appellee's closing argument. The statement is:

"* * * Now, I want to go back again without the interruption and say to you that means if he is guilty of even the slightest bit of fault in failing to exercise care for his own safety as he rode that motorcycle, or the safety of others, no matter how slight it is, the court says: 'In any degree' * * * 'then in that event he can't recover and your verdict must be for the defendant.' * * *."

This statement was not objected to, although it should be pointed out that an objection had been made and overruled just previously involving another statement of appellee's counsel which also concerned contributory negligence. The use of the word "slightest" is in error. *Reep* v. *The Greyhound Corp.* (1960), 171 Ohio St., 199. However, in other places in his argument, as well as in the quotation above, counsel for appellee Baker did correctly describe the standard. Further, the court in its charge also used the correct standard. Upon consideration of the whole argument and the court's charge, we find that the error was not prejudicial.

Complaint is also made of a charge by the court that "if the plaintiff is negligent in any degree contributing to his own injuries, he cannot recover." Counsel contends that a charge must relate the contributory negligence to proximate cause. The statement quoted is not part of the general charge. It is a portion of an answer to a question submitted by the jury after its retirement. In the course of special charges, and in its general charge, the court accurately stated the law as to contributory negligence. The jury's question was concerned with the meaning of "preponderance" of the evidence. The state-

ment complained of is simply part of some general remarks made in explanation of the court's answer. We find no prejudicial error.

In the last assignment appellant complains that the court should not have referred to contributory negligence in the course of answering the question submitted by the jury. After three hours of deliberation, the jury submitted the following question to the court:

"Does the preponderance of the evidence mean that one party can be found more negligent than the other?"

It is apparent from this question that the jury was giving some consideration to the concept of comparative negligence. In answering this question, we think the court could quite properly comment on the distinction between comparative negligence and the Ohio law as to contributory negligence.

There being no prejudicial error, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and BRYANT, J., concur.