Kent J. ROMINE, Plaintiff-Appellant,

v.

Bruce M. PARMAN,
Defendant–Appellee.

No. 85–1674.

United States Court of Appeals,
Tenth Circuit.

Oct. 26, 1987.

Lynn Hursh and Rex Henoch, of Turner and Boisseau, Chartered, Overland Park, Kansas, for plaintiff-appellant.

Leo L. Logan, of Boddington & Brown, Kansas City, Kansas, for defendant-appellee.

Before MOORE, SETH and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Kent Romine appeals from a jury verdict in a diversity suit arising out of a two car accident that occurred in Manhattan, Kansas, on January 30, 1983. He alleges that the district court erred in denying his motion in limine to exclude certain evidence as unfairly prejudicial. The case was submitted on the briefs by agreement of the parties. For the reasons set forth below, we affirm.

Romine was riding in a car driven by Gary Jacobson on the evening of the accident. Romine was injured after Jacobson's car collided with a car driven by Bruce Parman. Romine filed suit against Jacobson and Parman in federal court seeking to recover damages for the injuries that he suffered in the accident. Romine settled his claim against Jacobson before trial. The action between Romine and Parman proceeded to trial, and a jury returned a verdict pursuant to the Kansas comparative fault statute, Kan.Stat.Ann. § 60–258a (1983), finding Jacobson one hundred percent negligent. Romine appeals, alleging that the district court erred in denying his motion in limine to exclude, as unfairly prejudicial, evidence showing that (1) Jacobson had been drinking beer on the day of the accident, and (2) Jacobson paid a fine after receiving a traffic citation for failure to yield the right of way at the time of the accident.

The admissibility of evidence in diversity cases in federal court is generally governed by federal law. *See, e.g., Sprynczynatyk v. General Motors Corp.,*

771 F.2d 1112, 1122 (8th Cir.1985); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 244–46 (1st Cir.1985); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 701 F.2d 1189, 1193 (7th Cir.), *cert. denied*, 464 U.S. 866, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983); *Johnson v. William C. Ellis & Sons Iron Works*, 604 F.2d 950, 957 (5th Cir.1979); *see generally* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4512 (1982). This court has indentified one instance in which an evidentiary question is so dependent on a state substantive policy that state law must be applied. *Moe v. Avions Marcel Dassault–Breguet Aviation*, 727 F.2d 917, 930–33 (10th Cir.) (the admissibility of evidence of subsequent remedial measures is decided pursuant to state law rather than Fed.R. Evid. 407), *cert. denied*, 469 U.S. 853, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984). We implied, however, in *Moe* that federal law should apply to issues of relevancy and truth seeking. *Id.* at 932. Other circuits have held that relevancy is determined according to federal law. *See Adams v. Fuqua Industries*, 820 F.2d 271, 273 (8th Cir. 1987); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710, 715 (D.C.Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 940, 93 L.Ed.2d 991 (1987); *McInnis*, 765 F.2d at 245–46. Prejudice has also been determined to be a question of federal law. *See In re Air Crash Disaster*, 701 F.2d at 1195. We therefore hold that the Federal Rules of Evidence should be applied in a diversity case in federal court to determine whether evidence is relevant or prejudicial.

■ Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. This court has frequently said that "[t]he exclusion of relevant evidence under Rule 403 is 'an extraordinary remedy to be used sparingly.' The decision to exclude (or admit) evidence under this rule is within the sound discretion of the trial court, and will not be reversed by this court absent a clear abuse of discretion." *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir.1985) (citations omitted).

The district court admitted the evidence that Jacobson had consumed some beer at a Super Bowl party on the day of the accident. The court ruled that the jury was entitled to know the circumstances of the accident. The evidence was relevant to the question of Jacobson's reflexes, reaction time, and overall ability to drive the car at the time the accident occurred. *See McInnis*, 765 F.2d at 246; *Socony Mobil Oil Co. v. Taylor*, 388 F.2d 586, 587 (5th Cir.1967); *Kaeo v. Davis*, 719 P.2d 387, 390–92 (Haw.1986); *see also* 61 C.J.S. *Motor Vehicles* § 516(4) (1970). Having reviewed the record in this case, we hold that the district court did not abuse its discretion in determining that the probative value of evidence showing that Jacobson drank some beer on the day of the accident was not substantially outweighed by the danger of unfair prejudice.[1]

■ Romine also alleges that the district court abused its discretion in admitting evidence that Jacobson paid a fine resulting from a traffic citation issued at the time of the accident. We are aware that "[w]hile a plea of guilty to a traffic offense is in theory no different from a plea of guilty to other offenses, recognition that people plead guilty to traffic charges for reasons of convenience and without much regard to guilt and collateral consequences has led to some tendency to exclude them from evidence." C. McCormick, *McCormick on Evidence* § 265 at 783 (E. Cleary 3d ed. 1984) (footnotes omitted).[2] We conclude that the

---

1. Each of the authorities offered by the appellant was decided under state law. The Third Circuit cases cited by the appellant, *see, e.g., Greiner v. Volkswagenwerk Aktiengeselleschaft*, 540 F.2d 85, 88–90 (3d Cir.1976), relied upon Pennsylvania state court decisions excluding evidence of drinking unless it is coupled with other evidence of intoxication. Another case cited by the appellant, *Schaeffer v. Kansas Dep't of Transp.*, 227 Kan. 509, 517–18, 608 P.2d 1309,

1318 (1980), held only that the trial court did not abuse its discretion in weighing the danger of prejudice arising from the admission of testimony regarding the consumption of beer by the plaintiff.

2. State courts that have held that evidence of the payment of a traffic fine is always inadmissible have relied upon state statutes demanding that result. *See, e.g., Cox v. Bohman*, 683

better view, however, is to admit the evidence and allow the driver who received the citation to explain why he or she paid the fine. *See Dunham v. Pannell,* 263 F.2d 725, 728–29 (5th Cir.1959); *Ferguson v. Boyd,* 448 S.W.2d 901, 903 (Mo.1970). The jury heard Jacobson's explanation of why he paid the fine. Therefore, we hold that the district court did not abuse its discretion in admitting evidence showing that Jacobson paid the fine resulting from the traffic citation.

AFFIRMED.

S.W.2d 757, 758 (Tex.Ct.App.1984); *Carter v. Rukab,* 437 So.2d 761, 762–63 (Fla.Dist.Ct.App. 1983); *Linden v. Bates Truck Lines,* 4 Ohio App.3d 178, 179–80, 446 N.E.2d 1139, 1141–42 (1982); *Cusatis v. Reichert,* 267 Pa.Super. 247, 253–54, 406 A.2d 787, 790–91 (1979).