568 A.2d 865

**Betty L. BRIGGEMAN, et vir.**

v.

**Phillip ALBERT, Jr.**

**No. 231, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Feb. 1, 1990.

Michael I. Gilbert, Baltimore, for appellants.

Paul H. Ethridge, McCarthy, Wilson & Ethridge, Rockville, for appellee.

Submitted before BLOOM and CATHELL, JJ., and E.O. WEANT, Jr., Judge Retired (Specially Assigned).

E.O. WEANT, Judge, Specially Assigned.

On the afternoon of June 8, 1985 at the intersection of Philadelphia Avenue and 123rd Street in Ocean City, Maryland, Betty L. Briggeman, a pedestrian, was seriously injured when she was struck by an automobile driven by Phillip K. Albert, Jr., a Howard County resident. A police officer who was called to the scene filled out an accident report and issued a citation to Albert for a violation of Trans.Code of Md.Ann. § 21–504.

In 1985, if an accused chose not to stand trial for a traffic violation, the penalty that was assessed by the Maryland District Court, M.A.T.S. Division, was $30. Albert decided not to return to Ocean City to stand trial and, instead, in July of 1985 sent the $30 to M.A.T.S. in Annapolis.

Briggeman sued Albert in the Circuit Court for Howard County for injuries sustained as a result of the accident. She sought to introduce evidence of the fact that Albert had paid the $30 fine. Briggeman reasoned the payment of the fine was tantamount to a guilty plea, and, therefore, an admission of a party-opponent. The trial court ruled that the evidence was inadmissible; a jury returned a verdict for Albert and judgment was entered accordingly. The sole question presented to us is whether the trial court erred in refusing to admit the evidence. We have found no reported Maryland case addressing this issue.

The United States Court of Appeals in *Kent J. Romine v. Bruce M. Parman*, 831 F.2d 944 (10th Cir.1987) considered

an allegation that the district court abused its discretion in admitting evidence of a fine paid as a result of a traffic citation issued at the time of an accident. In that case, the Court stated that:

> [w]hile a plea of guilty to a traffic offense is in theory no different from a plea of guilty to other offenses, recognition that people plead guilty to traffic charges for reasons of convenience and without much regard to guilt and collateral consequences has led to some tendency to exclude them from evidence.

*Romine* at 945, quoting C. McCormick, *McCormick on Evidence,* § 265 at 783 (E. Cleary, 3rd Ed., 1984). The Court then went on to say, "[w]e conclude that the better view, however, is to admit the evidence and allow the driver who received the citation to explain why he or she paid the fine." *Id.* at 945–946. It seems to us that this abrogates the original purpose of allowing for the payment of a fine rather than standing trial. We recognize that there are many reasons a person may choose to follow the fine forfeiture route as opposed to following other expensive and inconvenient routes. The payment of a fine and the assessment of violation points are sufficient sanctions placed upon the payor. The payor should not have the additional burden of having to show why he or she elected to pay the fine in a subsequent civil proceeding. The plaintiff in a civil suit does not merit being given a running start in his suit merely because the defendant has seen fit to take advantage of a provision that the law affords him or her. It is conceivable that a jury may confuse the issue of why a fine was paid as opposed to whether the defendant actually admitted having done the act complained of.

In *Reynolds v. Donoho,* 39 Wash.2d 451, 456, 236 P.2d 552, 555–56 (1951), the Supreme Court of Washington, however, discussed the question of whether "bail and forfeiture" after a charge or "ticket" amounted to an admission which could be used against a defendant in a civil action. That court said:

Like the plea of *nolo contendere* (*Honaker v. Howe,* [19 Grat. 50, 60 Va. 50]) or the absence of the accused from his home during the period immediately following the accident (*Tomasko v. Raucci,* [113 Conn. 274, 155 A. 64, 651]), the forfeiture of bail by the appellant was an incident unique in itself. Some analogies may be drawn favoring admissibility. However, the bail forfeiture here involved falls in the category of one of those tubs that must stand on its own bottom. This is particularly true in an automobile accident criminal action. It is common knowledge that, upon the receipt of a traffic ticket, the average motorist pays and then forfeits his bail; the action is thus concluded. It cannot be said that such an act is a general admission of responsibility. Often, it is but a convenient method of concluding the criminal action, convenient both to the person charged and to the administrators of traffic law enforcement.

It is our opinion that the evidence relating to the appellant's "forfeiture of bail" was not admissible.

We view Albert's payment of the fine in the instant case as the functional equivalent of the "forfeiture of bail" espoused in *Reynolds.* The reasoning there seems equally applicable here.

Because the *Reynolds* Court has mentioned a plea of *nolo contendere,* we feel obliged to point to the Maryland provision that the payment of a traffic fine results in a conviction, contrary to a *nolo* plea which is neither an admission of conduct nor a conviction. *McCall v. State,* 9 Md.App. 191, 193, 263 A.2d 19, 22 (1970).

We find that the Court of Appeals of Ohio in *Hannah v. Ike Topper Structural Steel Company, et al.,* 120 O.A. 44, 120 Ohio App. 44, 201 N.E.2d 63 (1963) considered an analogous situation. In that case a traffic ticket was issued for failure to yield at a stop sign. That ticket contained the following statement:

"I, the undersigned, hereby authorize and direct the Clerk of the Municipal Court of Columbus, Ohio or his deputy,

to enter a plea of guilty for me to the charge set forth in the affidavit, waive a trial, and voluntarily pay the penalty prescribed by the court for this offense as designated on the back of the violation notification." *Hannah*, 201 N.E.2d at 64.

The trial court refused to allow this document as independent evidence on a material fact. In considering this matter the appellate court said:

"The record here indicates that the statement was made in the course of appellee's paying a fine under what has been called the "cafeteria" system of minor traffic offenses. This system permits a person charged with certain offenses to have the option of paying an amount to the clerk at a pre-scheduled rate and without appearance in court (in most instances a check may be mailed). We think it must be recognized that the cost of defense compared to the amount charged and the inconvenience, as well as indirect economic losses of court appearances, are practical motivations behind the act of a person both in bond forfeiture and in the system involved here."

\* \* \* \* \* \*

"Accordingly, in our view, the statement signed by appellee Baker does not, under these circumstances, constitute an admission of the fact that he did the act charged in the ticket, and the evidence was properly excluded." *Hannah* at 65.

The rationale followed by the Ohio Court is applicable to the situation sub judice wherein Albert paid the fine through the mail. As a practical matter, the warning given in the Ohio case indicates that this action amounts to "a plea of guilty." In Maryland the statement which appears on the back of the ticket sets forth:

the payment of a fine shall be considered as a conviction. Points will be assessed on a driver's record after conviction of a violation of motor vehicle law of this state, or after payment of the fine as established by the court.

At most, the payment of the fine subjects the payor to the assessment of conviction points on a driver's record. There is no indication in the NOTICE TO DEFENDANT that the act of paying the fine will be an admission of guilt for the violation complained of. To say that this action on the part of the payor is an admission of guilt would effectively strip this provision of many of its original purposes, to the detriment of the courts and the public. Not only would such an interpretation have this effect, but it would deprive the party of the court determinations provided for a guilty plea by Md.Rule 4–242, especially the consequences of his or her action beyond the assessment of "points."

Had it been the intention of the NOTICE TO DEFEN-DANT found on the back of the ticket to say that the payment of the fine is an admission by the payor of having committed the charge for which the ticket was issued, it would have been so expressed therein. This would elimi-nate the possibility of creating a dilemmatic choice for the defendant. Here, faced with the information that "the payment of a fine shall be considered a conviction" and the "point" ramifications of that conviction as an apparent simple method of concluding the criminal action, it is easily understood that the recipient of a ticket may decide that "the juice is not worth the squeezing." Thus persuaded, it is tenable that the defendant may opt to save the cost and inconvenience of traveling many miles, hiring an attorney, and standing trial by simply paying the fine by mail without the intention of admitting to having committed a driving infraction.

We think that the trial court was correct in refusing to admit the evidence in question.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.