586 A.2d 15

**Betty L. BRIGGEMAN, et vir.**

v.

**Phillip ALBERT, Jr.**

**No. 24, Sept. Term, 1990.**

Court of Appeals of Maryland.

Feb. 26, 1991.

134

Michael I. Gilbert, Baltimore, for petitioners.

Paul H. Ethridge (McCarthy, Wilson & Ethridge, both on brief), Rockville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

CHASANOW, Judge.

Phillip K. Albert, Jr. was driving in Ocean City, Maryland on June 8, 1985 when, at the corner of Philadelphia Avenue and 123rd Street, his automobile struck and seriously injured a pedestrian, Betty L. Briggeman. An officer from the Ocean City Police Department responded to the scene, wrote out a report, and issued a citation to Mr. Albert for failure to exercise due care for a pedestrian, in violation of Maryland Code (1977, 1987 Repl.Vol.), Transportation Article, § 21–504(a). Albert, a Howard County resident, chose not to stand trial in Worcester County but instead simply mailed the preset fine of $30.00 to the District Court of Maryland in Annapolis prior to a trial date being set.

Briggeman sued Albert in the Circuit Court for Howard County for injuries resulting from the accident. At trial, she sought to introduce evidence that Albert had paid the traffic fine, arguing that this was an admission by a party-opponent. Albert countered that the payment was made in the interest of convenience, not as an admission of guilt, and was more closely akin to a plea of *nolo contendere.* The trial judge ruled the evidence inadmissible. After the

jury returned a verdict in favor of Albert, Briggeman appealed to the Court of Special Appeals, arguing that the trial court erred in refusing to admit the evidence of Albert's payment of the fine. The intermediate appellate court found no error and consequently affirmed the circuit court judgment. *Briggeman v. Albert*, 81 Md.App. 482, 568 A.2d 865 (1990). We are called upon to decide whether, in a motor tort case, the plaintiff may introduce into evidence the defendant's payment of a traffic citation as an express admission, consent to conviction, or admission by conduct.

 Admissions, in the form of words or acts of a party-opponent, may be offered as evidence against that party. *Aetna Casualty & Surety v. Kuhl*, 296 Md. 446, 455, 463 A.2d 822, 827 (1983). *See also McCormick on Evidence* § 262 at 774 (E. Cleary, 3d ed. 1984).[1] It is reasoned that allowing such an admission into evidence is fair, as the party-opponent's case cannot be prejudiced by an inability to cross-examine him or herself. *Kirkland v. State*, 75 Md.App. 49, 57, 540 A.2d 490, 493, *cert. denied*, 313 Md. 506, 545 A.2d 1344 (1988). Generally, when a guilty plea to a criminal charge is admitted in a subsequent civil action, it is under the auspices of an admission by a party-opponent. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 403, 347 A.2d 842, 848 (1975); *McCormick on Evidence, supra* § 265 at 783. For this reason, a defendant may choose to plead *nolo contendere* in order to avoid the admissibility of the plea. *Agnew v. State*, 51 Md.App. 614, 651–53, 446 A.2d 425, 445–46, *cert. denied*, 294 Md. 441 (1982); 6 L. McLain, *Maryland Evidence* § 801(4).2 at 310 (1987).

 "[A]n *admission of guilt* in the traffic court is admissible in evidence in a subsequent civil proceeding arising out of the same accident." (Emphasis added.) *Campfield v. Crowther*, 252 Md. 88, 100, 249 A.2d 168, 176

---

1. Rule 801 of the Federal Rules of Evidence classifies admissions of a party-opponent as nonhearsay.

(1969) (citing *Miller v. Hall,* 161 Md. 111, 113–14, 155 A. 327, 329 (1931)). The submission of payment personally or by mail in satisfaction of a traffic fine, however, is not the evidentiary equivalent of a guilty plea in open court. In the instant case, Albert claims that, rather than travel from his home in Howard County to traffic court in Worcester County, he paid the $30.00 fine for the sake of convenience and economy.

The traffic citation issued to Mr. Albert states:

"You may pay the amount of fine . . . and not stand trial. [Mail payment to the court.]

*The payment of a fine shall be considered as a conviction.* Points will be assessed on a driver's record after conviction of a violation of the motor vehicle laws of this state, or after payment of the fine as established by the court. If payment is not received, you will be notified of a trial date." (Emphasis added.)

The payment of a traffic fine is neither a guilty plea nor an express acknowledgment of guilt; it is at most a consent to conviction, closely analogous to a plea of *nolo contendere.* Albert merely chose to exercise his statutory right, under Md.Code (1977, 1987 Repl.Vol.) Transportation Art., § 26–407(c),[2] to dispose of a traffic citation without appearing in court. He did not admit his guilt by paying the fine. We agree with the Court of Special Appeals' reasoning in the instant case: "[I]t is tenable that the defendant may . . . [pay] the fine by mail without the intention of admitting to having committed a driving infraction." *Briggeman v. Albert,* 81 Md.App. at 487, 568 A.2d at 868. Nowhere on

---

**2.** The text of § 26–407(c) states:
 "(c) *Disposition of citation filed with court.*—After the original copy of a traffic citation is filed with the District Court, the citation may be disposed of only by:
 (1) Trial, dismissal of the charges, or other official action by a judge of the court;
 (2) Forfeiture of the collateral, if authorized by the court; or
 (3) Payment of a fine by the person to whom the traffic citation has been issued."

the ticket does it state that payment of the fine constitutes an express admission of culpable conduct. It is not a guilty plea and, therefore, not an express admission by a party-opponent. The payment is a consent to conviction.

█ The classification of a traffic fine payment as a consent to conviction rather than a guilty plea is an important distinction. In Maryland, evidence of a conviction is inadmissible as substantive proof in a subsequent civil suit arising from the same incident as the criminal charge. *Aetna Casualty*, 296 Md. at 450, 463 A.2d at 825 ("It is a well-settled rule in Maryland that a criminal conviction is inadmissible to establish the truth of the facts upon which it is rendered in a civil action for damages arising from the offense for which the person is convicted"). *See also* 6 L. McLain, *supra*, § 803(22).1 at 428. Payment of a traffic fine is a consent to conviction, and a conviction, even when entered by consent, is not admissible to prove liability.[3]

There may be legitimate, plausible reasons for choosing to pay the fine, by mail or otherwise, without intending to concede guilt. If by taking advantage of this right a defendant would be making a damaging admission that could be used against him or her in a subsequent civil liability suit, much of the incentive to utilize the option would be lost. Whether an admission should be *implied* from Albert's act of paying the fine must also be decided in this appeal.

█ An admission may be implied through the affirmative conduct or, in the case of "tacit admissions," the silence or inaction of a party. Flights from justice[4] or threats

---

**3.** For a general discussion *see*, Annotation, *Admissibility of Traffic Conviction in Later State Civil Trial*, 73 A.L.R. 4th 691 (1989).

**4.** *See e.g., Huffington v. State*, 295 Md. 1, 16, 452 A.2d 1211, 1218 (1982), *cert. denied*, 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986).

**138**

against witnesses [5] by their very nature are admissions by conduct, for "a party's conduct, so far as it indicates his own belief in the weakness of his cause, may be used against him as an admission...." 1 S. Greenleaf, *A Treatise on the Law of Evidence* § 195(a) at 325 (J. Wigmore, 16th ed. 1899). A tacit admission occurs when one remains silent in the face of accusations that, if untrue, would naturally rouse the accused to speak in his or her defense. *Ewell v. State*, 228 Md. 615, 618, 180 A.2d 857, 859 (1962); *McCormick on Evidence, supra*, § 270 at 799; 6 L. McLain, *supra* § 801(4).3 at 312–13. A comparable inference should not be drawn from the payment of a traffic citation, and consequently, it should not be treated as an admission by conduct. Unlike the aforementioned examples, the mere remittance of payment in an effort to dispose of a traffic citation in the least intrusive manner possible is not necessarily indicative of a defendant's recognition of his or her own guilt. The basis for finding an admission by conduct in the instant case would be an assumption that Albert paid the fine because he believed he was guilty and that if he believed he was innocent he would stand trial rather than pay the fine. Using this line of reasoning, paying the fine would be an implied admission of guilt. Albert was faced with the choice of paying a preset fine or traveling to Worcester County for trial. We are reluctant to draw an inference of guilt from the payment of a preset fine. It is likely that even people who believe themselves innocent often pay preset fines for the sake of convenience or expediency rather than go to court and stand trial.

If we were to assume that evidence of payment of a traffic citation has some relevance in a subsequent civil case, any probative value is outweighed by its prejudicial effect. Admission of a defendant's payment of the traffic fine naturally includes evidence that the party was given a

---

5. *See, e.g., Washington v. State*, 293 Md. 465, 468 n. 1, 445 A.2d 684, 686 n. 1 (1982); *see also* 6 L. McLain, *Maryland Evidence* § 801(4).2 at 311 (1987).

traffic citation and could allow the jury to draw the impermissible inference that, because a police officer believed the defendant was guilty and thus issued a citation, then the defendant must have been at fault. The "backdoor" admission of a police officer's opinion of guilt is prejudicial and outweighs the probative value of the fine payment.

Even the probative value of a guilty plea to a traffic violation has been questioned when compared to its inherent prejudice.

> "It is not clear, however, that the probative weight of such evidence is in fact sufficient to withstand the thrust of opposing notions of prejudice and policy. Traffic infractions ... carry relatively light penalties for a person who pleads guilty, while the inconvenience of contesting the charge is often considerable and the fairness of traffic court adjudication, which may result in an increased penalty if the case is contested, is open to question. Thus it is common experience that people plead guilty to traffic charges for reasons of expediency even though they may believe themselves innocent. This fact ... undeniably lessens the value of a traffic court guilty plea as proof that the offense charged was actually committed. It is arguable that the diminished value of such evidence is insufficient to justify its possibly prejudicial effect on the jury, who may be unduly impressed not only by the plea but by the prior arrest and subsequent conviction that it implies."

Note, *Recent Cases*, 74 Harv.L.Rev. 1452 (1961). In Maryland, a guilty plea to a traffic citation is admissible in a civil trial; its probative value is deemed to outweigh any prejudicial effect. An express acknowledgment of guilt to the charged offense in open court is far more probative than a questionable acknowledgment of culpability that might be inferred from paying a preset fine in lieu of going to court. The probative value of evidence of payment of a fine is outweighed by the prejudicial effect of inferentially establishing the police officer's opinion of guilt through introduc-

tion of the traffic charge. The trial court was correct in excluding evidence that Albert paid the traffic fine.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.