Johnny MORRIS, et al., Appellants,

v.

Donald E. RASQUE, et al., Appellees.

No. 89–871.

District of Columbia Court of Appeals.

Argued May 1, 1991.
Decided May 31, 1991.

Gary C. Christian, with whom Dharma Devarajan was on the brief, for appellants.

D'Ana E. Johnson, Washington, D.C., for appellees.

Before STEADMAN and SCHWELB, Associate Judges, and GALLAGHER, Senior Judge.

STEADMAN, Associate Judge:

Appellee Rasque, driving a car rented from appellee Avis Rent-a-Car, received a traffic ticket in the District of Columbia for running a red light. Although denying he had committed the offense, he elected to pay the civil fine of $25 rather than returning from his home in California to contest the ticket. Subsequently, he was sued by appellants for an accident that occurred allegedly as a result of Rasque's running the red light and striking appellants' car. The jury found for the appellees.

■ In the posture of this appeal, the issue before us is whether the payment of the fine constituted conclusive proof that Rasque ran the red light or whether Rasque was entitled to explain why he had paid the fine. Assuming without deciding that the fact of payment of the fine was admissible at all, we hold that Rasque was entitled to explain the circumstances. Hence we affirm the judgment.

I

The evidence of the traffic ticket and its disposition came before the jury in a somewhat convoluted way. At the beginning of the trial itself, the trial court made a ruling whose precise scope was the subject of some subsequent disagreement but which we will take to be a prohibition against the introduction of any evidence about the ticket. During the trial, a critical factual issue in establishing liability was whether Rasque had in fact run the red light.

Notwithstanding the prior ruling of the trial court, in cross-examining Rasque, the final witness in the trial, plaintiffs' counsel asked whether Rasque had been issued a ticket. Defense counsel immediately objected and a long colloquy took place. Inter alia, plaintiffs' counsel sought a reconsideration of the earlier ruling. Eventually the trial court decided to give the jury a "cautionary" instruction and allow Rasque

to explain the circumstances of the ticket. The cautionary instruction read:

> Evidence that one party or another may have been issued a traffic ticket is not, standing alone, competent evidence and this is especially so in cases where the police officer who issued the ticket was not himself an eye witness to the traffic offense charged.

> If, however, a party who has been charged with the commission of an offense which is relevant to your consideration of the negligence issue pleads guilty to having committed that offense, then you, the jury may consider that evidence of the plea of guilty as a prior admission by that party and as bearing on the credence to be given any inconsistent testimony of such party in this trial.

Following this instruction, Rasque proceeded to relate the circumstances whereby he came to pay the ticket. He explained why he thought the ticket had been erroneously given to him. He noted that on the back of the ticket, he wrote "I, the undersigned, do not agree with the ticket but cannot appear for a hearing." The ticket stated that the recipient had to respond to the ticket within fifteen days. "My choice was to pay the $25 rather than flying across country at an expense of over $1,200 to appear."

## II

Appellants' principal argument before us is that the trial court erred in failing to instruct the jury that the payment of the fine constituted a conclusive admission by Rasque which rendered him "negligent per se," or perhaps more precisely put, which incontestably established the fact that he had run the red light. A corollary to this argument is that Rasque should not have been permitted to explain the circumstances of his payment of the fine.[1]

In *Frost v. Hays,* 146 A.2d 907 (D.C. 1958), the appellate court had occasion to deal with the effect of a plea of guilty in the traffic branch of the trial court to violation of a municipal traffic ordinance: The court held that evidence of the plea of guilty was properly received "as an admission against defendant's interest."[2] It was on this basis that appellants argued that evidence of the payment should be introduced, citing Fed.R.Evid. 801(d)(2)(A). *See, e.g., Proulx v. Police and Firemen's Retirement and Relief Bd.,* 430 A.2d 34, 36 (D.C.1981). Normally, a party against whom an admission has been introduced is entitled to make an explanation of the circumstances of the admission. *See* 4 WIGMORE, *Evidence* § 1059(2) (Chadbourn rev. 1972) and cases cited.

However, appellants argue that the case before us is controlled by our decision in *Kuflom v. District of Columbia Bureau of Motor Vehicle Services,* 543 A.2d 340 (D.C.1988). In that case, the appellant had paid the fines for six tickets for moving violations. Because of a point system administered by the Bureau of Motor Vehicles, these "convictions" led to the revocation of his license. Appellant argued that he had paid the fines only to avoid suspension of his license for failure to respond within 15 days, and that he should be permitted to challenge the convictions at a revocation hearing. We held to the contrary, noting that both the statute and the regulations provide for only three possible responses to the recipient of a traffic ticket: admit, admit with an explanation, or deny. D.C.Code § 40–615(a) (1990); 18 DCMR § 3006 (1987). If one "admits" the offense, his answer must be accompanied by payment of the fine. D.C.Code § 40–615(c); 18 DCMR § 3006.2.[3] Since

---

1. We have considered appellants' other arguments and find that they are either disposed of by our ruling with respect to the principal issue on appeal or are otherwise meritless.

2. The defendant nonetheless prevailed in the jury trial. The plaintiff's complaint on appeal was that the trial court had refused to give an instruction stating that the plea of guilty, as an admission against interest, could be considered in weighing the evidence and judging the defendant's credibility.

3. If one "admits with explanation," a hearing may be held and the hearing examiner may take the explanation into account in the imposition of a sanction for the infraction. D.C.Code § 40–615 (1990).

appellant had paid the fine, and the regulation further provided that payment of a fine is "equivalent to a conviction," 18 DCMR § 9901 (1987), we held that the fact that appellant did not intend for his payment of tickets to cause the assessment of points did not preclude revocation of his license based on the admitted infractions.

What appellants overlook is that the holding in *Kuflom* dealt with the effect of payment of a fine with respect to the operation of the overall statutory scheme of which it formed a part. The statute in designating the three permitted forms of response to a traffic ticket is specific in stating: "No other response shall constitute an answer *for purposes of this subchapter*." D.C.Code § 40-615(a) (emphasis added). Likewise, it provides: "An order, entered … pursuant to the receipt of an answer admitting the infraction or admitting the infraction with explanation, shall be civil in nature but shall be treated as an adjudication that an infraction has been committed *for the purposes of this chapter and for the purposes of the assessment of traffic points pursuant to Chapter II of Title 32 of the District of Columbia Rules and Regulations.*" *Id.* § 40-616(e) (emphasis added). And the portion of the regulation defining "conviction" states: "Also *for purposes of this title*, … the payment of a fine … shall be equivalent to a conviction." 18 DCMR § 9901. Thus, whatever effect the payment of a fine following receipt of a traffic ticket may have within the framework of the administration of the traffic laws, neither the statute nor regulation nor *Kuflom* deal with its effect in tort litigation.

Even with respect to outright pleas of guilty to criminalized traffic offenses, "recognition that people plead guilty to traffic charges for reasons of convenience and without much regard to guilt and collateral consequences has led to some tendency to exclude them from evidence." *Romine v. Parman*, 831 F.2d 944 (10th Cir.1987) (quoting C. McCormick, McCormick on Evidence § 265, at 783 (3d ed. 1984)). In *Romine*, the court concluded that the better view "is to admit the evidence and allow the driver who received the citation to explain why he or she paid the fine." 831 F.2d at 945-46. *Accord, Eaton v. Eaton*, 119 N.J. 628, 575 A.2d 858 (1990). By contrast, in the recent case of *Briggeman v. Albert*, 81 Md.App. 482, 568 A.2d 865 (1990), where the appellee paid a fine on a traffic ticket in lieu of standing trial, the court upheld the trial court's exclusion of any testimony concerning the ticket and its disposition. It reasoned: "[I]t is easily understood that the recipient of a ticket may decide that 'the juice is not worth the squeezing.' Thus persuaded, it is tenable that the defendant may opt to save the cost and inconvenience of traveling many miles,[4] hiring an attorney, and standing trial by simply paying the fine by mail without the intention of admitting to having committed a driving infraction." *Id.* 568 A.2d at 868. We need not here choose between these two lines of cases or determine the precise present application of *Frost v. Hays* to payment of a fine for a decriminalized traffic offense. It is plain that as the trial developed, appellants eventually received all that they were at most entitled to—an airing to the jury of the fact that appellee Rasque received a ticket and paid the fine, but with an opportunity for Rasque to explain the circumstances.

*Affirmed.*

---

4. The defendant lived in Howard County but received the ticket in Ocean City, a distance of approximately 150 miles.