Ruth WILLIAMS, Individually, and as
Widow and Personal Representative of
the Estate of Lance Williams, Deceased,
Plaintiff/Appellant,

v.

Samuel D. BROWN, Defendant/Appellee.

Supreme Court of Tennessee,
at Knoxville.

Aug. 9, 1993.

Joseph Y. McCoin, Jr. and Richard A. Fisher, Cleveland, for plaintiff/appellant.

Ron D. Powers, Dietrich & Dietrich, Cleveland, for defendant/appellee.

## OPINION

ANDERSON, Justice.

In this wrongful death action, we are asked to decide a question of first impression— whether the defendant's payment, without contest, of a fine for a traffic offense is admissible in evidence in a separate civil case. The trial court held in this action that payment of a fine for improper passing was not admissible on the issue of negligence and sustained a motion for directed verdict in favor of the defendant, Samuel Brown. The Court of Appeals affirmed. For the reasons stated below, we affirm the Court of Appeals' holding that evidence of the defendant's payment of a traffic fine, without contest, was inadmissible; but we reverse and remand for a new trial because reasonable minds could differ as to whether the defendant was negligent based on the remaining evidence in the record. As a result, there is a jury question and the trial court should not have directed a verdict.

## BACKGROUND

There was material evidence in the record to show the following:

That on February 1, 1989, Lance Williams was driving a 1980 Corvette north on Varnell Road in Bradley County, Tennessee. He was followed by Samuel Brown, who was driving a 1970 Chevrolet pick-up truck in the same direction. Brown attempted to pass Williams on a stretch of a two-lane rural road which approached an "S" curve.

As Brown passed, he saw the headlights of an oncoming vehicle and applied his brakes. Thereafter, both drivers lost control of their vehicles. Williams' car traveled some seven hundred feet, spun in the grass beside the road, struck the left guardrail, and then crashed into a tree on the left side of the road. The gas tank ruptured as a result of the collision; and the car exploded, killing Williams. Brown's truck hit the guardrail on the left side of the road and spun around until coming to rest safely in a ditch on the right side of the road and across from Williams' car.

The investigating Highway Patrolman testified at trial that the lanes were divided by a solid yellow line; that it was one-quarter mile through the "S" curve to the crest of the hill; but that the view from where the wreck occurred was obstructed by cedar trees. He testified that the Department of Safety had adopted rules of the road which defined solid yellow lines as restrictive in character. He said that "[w]e classify a solid yellow line as restrictive if it's in an area of a narrow roadway or a county road or something like that we figure it means . . . some of us figure it's the same as two (2) lines solid, no passing." The patrolman also said that Brown told him there was contact between the two vehicles on the roadway.

An accident reconstruction expert testified that the only tire skid marks on the road matched Brown's pick-up truck, and the photographic evidence showed the tire marks began in the northbound lane occupied by the Corvette.

The plaintiff's theory was that while Brown was in the process of passing Williams, he saw the headlights of an oncoming vehicle, applied his brakes and began to skid sideways. The skidding caused Brown's truck to slow down enough so that Williams' vehicle pulled slightly ahead. "Chased," in effect, by Brown's out-of-control vehicle, Williams veered toward the right shoulder of the road where he hit a depression between the road and the shoulder that caused his vehicle to cross the road and hit the guardrail. The impact from the collision with the guardrail sent Williams' vehicle into the fatal spin.

The defendant's theory was that Williams sped up when Brown attempted to pass and Brown continued to try to pass, but when Brown saw the headlights of the oncoming vehicle, he applied his brakes. Simultaneously, Williams' vehicle ran off the right shoulder of the road, returned to the road and hit Brown's truck, thereby causing both vehicles to lose control. Brown's truck then hit the guardrail and spun backwards into the ditch. Williams' car hit the guardrail, traveled backwards into the grass, hit the tree, and exploded into flames.

Brown was issued a traffic citation by the investigating Highway Patrolman for improper passing, which he paid without contest. Prior to trial, the trial court granted a motion in limine to exclude proof that Brown had paid the traffic fine.

At the conclusion of the plaintiff's proof, the trial court granted Brown's motion for a directed verdict. The plaintiff appealed upon the grounds that the trial court erred by granting the motion for a directed verdict and by excluding the evidence of the payment of the fine. The Court of Appeals affirmed the judgment of the trial court.

### ADMISSIBILITY OF PAYMENT OF A TRAFFIC FINE

■ The first question we must decide is whether the fact that the defendant paid, without contest, a traffic fine for improper passing is admissible evidence in a later civil action concerning the underlying occurrence. The plaintiff asserts that payment of the fine was a plea of guilty which is admissible into evidence.[1] The defendant argues that, unlike

---

1. The record contains no offer of proof, so we have no knowledge of the manner in which the

plaintiff intended to prove payment of the fine.

an appearance and guilty plea in open court, simply paying the fine is not an admission of guilt and is, therefore, not admissible as evidence. This is an issue of first impression in Tennessee.

■ Under Tennessee law, a person cited for a traffic offense "may elect not to contest the charge and may, in lieu of appearance in court, submit the fine and costs to the clerk of the court." Tenn.Code Ann. § 55–10–207(d) (1988). A jurisdiction which allows payment of a prescheduled amount is said to employ the "cafeteria" system. *Hannah v. Ike Topper Structural Steel Co.*, 28 O.O.2d 223, 224–25, 120 Ohio App. 44, 46–48, 201 N.E.2d 63, 65 (1963). States employing the "cafeteria" system have, either by statute or case law, almost unanimously excluded from evidence payment of the traffic fine in a later action based on the same accident or occurrence that resulted in the traffic citation. *See Dedman v. Porch*, 293 Ark. 571, 739 S.W.2d 685, 687 (1987); *Casalo v. Claro*, 147 Conn. 625, 165 A.2d 153, 157 (1960); *LePage v. Bumila*, 407 Mass. 163, 552 N.E.2d 80, 82 (1990); *Briggeman v. Albert*, 322 Md. 133, 586 A.2d 15, 16 (1991); *Theriault v. Swan*, 558 A.2d 369, 370 (Me.1989); *Wheelock v. Eyl*, 393 Mich. 74, 223 N.W.2d 276, 278 (1974); *Mendez v. Brinkerhoff*, 105 Nev. 157, 771 P.2d 163, 164 (1989) (bond forfeiture); *Walker v. Forrester*, 764 P.2d 1337, 1338 (Okl.1988); *Turco v. Leon*, 559 So.2d 1199, 1201 (Fla.Ct.App.1990); *Reese v. Lyons*, 193 Ga.App. 548, 388 S.E.2d 369, 370 (1989); *Hannah v. Ike Topper Structural Steel Co*, 28 O.O.2d 223, 224–25, 120 Ohio App. 44, 46–48, 201 N.E.2d 63, 65 (1963); *Turner v. Silver*, 92 N.M. 313, 587 P.2d 966, 969 (App. 1978); *Samuel v. Mouzon*, 282 S.C. 616, 320 S.E.2d 482, 484–85 (App.1984) (bond forfei-

ture); *but see Durham v. Farabee*, 481 So.2d 885, 887 (Ala.1985).[2]

■ We think that the payment of a traffic fine is very closely analogous to a plea of *nolo contendere* which, translated from Latin, means simply "I will not contest it." *Black's Law Dictionary* 1048 (6th ed. 1990); *see also Briggeman*, 586 A.2d at 16. That conclusion is supported by the statute which characterizes the out-of-court payment of a traffic fine as an election "not to contest the charge." Tenn.Code Ann. § 55–10–207(d) (1988). Pleas of *nolo contendere* are not admissible in Tennessee. Tenn.R.Evid. 410.

We conclude that payment of a traffic fine in lieu of an appearance in court is neither a guilty plea nor an express acknowledgement of guilt. There are many legitimate and plausible reasons for choosing to pay such a fine by mail or otherwise, without intending to concede guilt. "Common experience demonstrates that the payment of a traffic citation is simply a matter of expedience." *LePage*, 552 N.E.2d at 82. The cost of defense compared with the amount of the fine and the inconvenience, as well as indirect economic losses of court appearances, are practical considerations which often motivate an individual cited for a traffic violation to simply pay the fine. *See Hannah*, 28 O.O.2d at 224–25, 120 Ohio App. at 46–48, 201 N.E.2d at 65. We conclude, as did the Massachusetts Supreme Court, that if the payment of a traffic citation were construed to be an admission of guilt that could be used in subsequent civil or criminal actions, "the courts would be flooded with challenges to such citations" and "[t]he proverbial 'floodgates of litigation' would be opened, destroying the expedited, streamlined system now in place." *LePage*, 552 N.E.2d at 83.

---

2. Many states do, however, admit evidence of a defendant's guilty plea to a traffic citation if it were entered in open court. *See e.g. Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550, 553 (1968) (evidence of the plea is admissible and the jury must determine its proper weight); *Ferguson v. Boyd*, 448 S.W.2d 901, 903 (Mo.1970) (evidence of the guilty plea is admissible, but the defendant may explain the reason for the plea). Those decisions are inapposite here because there was no guilty plea entered in open court. We note, however, that some commentators have criti-

cized the practice of admitting guilty pleas to misdemeanor offenses as admissions of a party-opponent because it tends to frustrate the policy of the hearsay exception for judgments of previous convictions, excluding misdemeanor convictions, because of their unreliability. N. Cohen, D. Paine, S. Sheppeard, *Tennessee Law of Evidence* § 803(1.2).2 (2d ed. 1990); M. Graham, *Handbook of Federal Evidence* 779 (3d ed. 1991); 4 Weinstein's Evidence ¶ 803(22)(01) at 354–55 (1984).

Accordingly, we conclude that evidence of payment of a traffic fine without contest is not admissible in a later action based on the underlying event resulting in the traffic citation. We do not reach and expressly reserve the question of admissibility where the defendant personally appears in court and pleads guilty. The judgment of the Court of Appeals affirming the trial court's exclusion of the evidence is affirmed.

## DIRECTED VERDICT

 Having determined that the evidence of payment of the traffic fine was not admissible, we apply the following well-established rules to our review of the remaining evidence in the record. It is familiar law that:

> On review of the grant of a directed verdict on motion of a defendant, it is not the office of an appellate court to weigh the evidence. Rather, it must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial judge's action may be sustained only if there is no material evidence in the record that would support a verdict for the plaintiff, under any of the theories that he has advanced.

*Cecil v. Hardin,* 575 S.W.2d 268, 271 (Tenn. 1978); *see also Crosslin v. Alsup,* 594 S.W.2d 379, 380 (Tenn.1980); *Wharton Transport Corp. v. Bridges,* 606 S.W.2d 521, 525 (Tenn. 1980). A verdict should be directed only where reasonable minds could draw but one conclusion. *Crosslin,* 594 S.W.2d at 380; *Holmes v. Wilson,* 551 S.W.2d 682, 685 (Tenn.1977). Negligence is ordinarily an issue to be decided by a jury, and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree. *Frady v. Smith,* 519 S.W.2d 584, 586 (Tenn.1974).

Based on our review of the record, we are of the opinion that the trial court erred in granting a directed verdict for the defendant. Taking the most legitimate view of all the evidence in favor of the plaintiff, and allowing all reasonable inferences therefrom, there is material evidence in the record to support the plaintiff's theory, and reasonable minds could differ as to whether, based on the conditions and circumstances, the defendant was negligent in attempting to pass at the time and place where the accident occurred.

### CONCLUSION

Accordingly, we reverse the Court of Appeals' judgment which affirmed the trial court's grant of a directed verdict for the defendant and remand for a new trial. The Court of Appeals' judgment excluding evidence of the defendant's payment of a traffic fine is affirmed. Costs of this appeal are taxed against the defendant, Samuel D. Brown.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.