**Earl A. JOHNSON, Appellant,**

v.

**Bounlab LEUTHONGCHAK, Appellee.**

No. 00–CV–161.

District of Columbia Court of Appeals.

Argued Nov. 9, 2000.

Decided May 10, 2001.

Raymond M. Hertz, with whom James P. McElwaine, Jr., Greenbelt, MD, was on the brief, for appellant.

Thomas Ramsay Mooers, with whom Brian C. Malone was on the brief, for appellee.

Before STEADMAN, GLICKMAN and WASHINGTON, Associate Judges.

STEADMAN, Associate Judge:

This appeal arises out of a traffic accident in the District of Columbia involving a two-car collision. A jury found appellant Johnson's negligence to be the proximate cause of the accident and awarded damages against him. In the course of the

proceedings, the trial court ruled that evidence of appellee Leuthongchak's payment by mail of the civil fine for a traffic ticket,[1] given for allegedly failing to yield the right of way, was inadmissible as a matter of law.[2] We follow the virtually unanimous holdings of courts in this country rejecting such evidence and affirm the judgment.

■■■■ It is established in the District of Columbia that a formal plea of guilty to a traffic offense is admissible in a related civil action. *See Frost v. Hays,* 146 A.2d 907, 908 (D.C.1958). The question before us then becomes whether sending payment of a civil fine in the mail is different from pleading guilty in open court for admissibility purposes.[3]

■■ Guilty pleas are generally admitted on the theory that they fall within the rule dealing with admissions by party-opponents. We have adopted the substance of Federal Rule of Evidence 801(d)(2) on "admission by party-opponent," and deem such statements to be admissible into evidence. *See Obelisk Corp. v. Riggs Nat'l Bank,* 668 A.2d 847, 855 n. 7 (D.C.1995); *Chaabi v. United States,* 544 A.2d 1247, 1249 & n. 2 (D.C.1988). A "statement" encompasses conduct "intended as an assertion." Fed.R.Evid. 801(a).[4]

Many courts have considered the precise issue whether payment of a traffic fine may be admitted as evidence in a related civil case. Virtually without exception, such evidence has been deemed inadmissible. Within the past decade or so, the Supreme Judicial Court of Massachusetts, in ruling on the issue, cited, merely as examples, no less than nine such holdings and stated that it had found "no case to the contrary." *LePage v. Bumila,* 407 Mass. 163, 552 N.E.2d 80, 82–83 (1990).[5]

1. The ticket itself is not in the record, nor is the amount of the fine imposed for the charged infraction.

2. Johnson suggests that the trial court's ruling could be sustained as a discretionary decision, but it seems clear to us that the trial court felt the evidence was absolutely barred.

3. Johnson's counsel argued that the issue was definitively resolved by our decision in *Morris v. Rasque,* 591 A.2d 459 (D.C.1991). We agree with the trial court's reading that *Morris* did not reach the legal question now presented. "We need not here choose between these two lines of cases or determine the precise present application of *Frost v. Hays* to payment of a fine for a decriminalized traffic offense." 591 A.2d at 461. The lines of cases included divergencies among the courts as to the admission even of an outright guilty plea to a traffic offense. The recent case of *Beale v. Speck,* 127 Idaho 521, 903 P.2d 110 (App. 1995) contains an extensive discussion with numerous case citations.

4. The word "admission" in the tagline for the rule may be a somewhat misleading term. *See Knight v. Georgetown Univ.,* 725 A.2d 472, 481 (D.C.1999) (Super.Ct.Civ.R.32(a) "does not require that the contents of the deposition be against the declarant's interest ... and neither do the rules of evidence regarding admissions of a party-opponent"). Perhaps because of uncertainty over the meaning of the word, admissions by a party-opponent can be confused with statements against interest, a *distinctly separate* ground of admissibility. *See* Fed.R.Evid. 804(b)(3). The two may overlap. In *Frost v. Hays, supra,* we upheld a trial court ruling allowing use of the guilty plea to a traffic ticket as an "admission against interest." Admissibility and admissions in criminal cases may present special considerations of a constitutional nature, not relevant here.

5. The cases cited by appellant involve, in the main, the question of the effect of payment by fine on point systems and like collateral consequences "within the framework of the administration of the traffic laws," a distinct question from that of its admissibility in tort litigation, as we have ourselves previously noted. *See Morris v. Rasque, supra,* 591 A.2d at 461. In the two closest cases, *Eaton v. Eaton,* 119 N.J. 628, 575 A.2d 858 (1990) and *Durham v. Farabee,* 481 So.2d 885 (Ala.1985), it appears that the violator at least in the latter case paid the fine in person, and, in any event, both cases virtually assume the equivalence of a guilty plea without discussion. *See*

Closer to home and even more recent is the holding in *Briggeman v. Albert,* 322 Md. 133, 586 A.2d 15 (1991). The highest court in Maryland, following the reasoning of many courts, explained its holding in part as follows:

There may be legitimate, plausible reasons for choosing to pay the fine, by mail or otherwise, without intending to concede guilt. If by taking advantage of this right, a defendant would be making a damaging admission that could be used against him or her in a subsequent civil liability suit, much of the incentive to utilize the option would be lost.... An admission may be implied through the affirmative conduct or, in the case of "tacit admissions," the silence or inaction of a party ... [T]he mere remittance of payment in an effort to dispose of a traffic citation in the least intrusive manner possible is not necessarily indicative of a defendant's recognition of his or her own guilt.... It is likely that even people who believe themselves innocent often pay preset fines for the sake of convenience or expediency rather than go to court and stand trial.

*Id.* at 17.

The Maryland court also expressed concern about the excessive prejudicial effect of what it termed the "backdoor" admission of the police officer's opinion of guilt, which, we might note, would not be subject to cross-examination:

"If we were to assume that evidence of payment of a traffic citation has some relevance in a subsequent civil case, any probative value is outweighed by the prejudicial effect. Admission of a defendant's payment of the traffic fine naturally includes evidence that the party was given a traffic ticket and could allow the jury to draw the impermissible inference that, because a police officer believed the defendant was guilty and thus issued a citation, then the defendant must have been at fault. The 'backdoor' admission of a police officer's opinion of guilt is prejudicial and outweighs the probative value of the fine payment."

*Id.*

Two years later, the Supreme Court of Tennessee, deciding the same issue, noted, "A jurisdiction which allows payment of a prescheduled amount is said to employ the 'cafeteria' system. States employing the 'cafeteria' system have, either by statute or case law, almost unanimously excluded from evidence payment of the traffic fine in a later action based on the same accident or occurrence that resulted in the traffic citation." *Williams v. Brown,* 860 S.W.2d 854, 856 (Tenn.1993) (citations omitted).

It is true that in the District of Columbia, a person receiving a traffic ticket (formally termed a Notice of Infraction) must, by statute, respond in one of two ways. The person may "admit, by payment of the civil fine, the commission of the infraction" or "deny the commission of the infraction," D.C.Code § 40–615(a),[6] and payment of the fine "shall be deemed a finding of liability."[7] But the rule of exclusion has been applied even in a jurisdiction where a

---

also *Turner v. Silver,* 92 N.M. 313, 587 P.2d 966 (1978) (violator squarely admitted that when he paid his fine, he understood that he was guilty of the charge).

**6.** D.C.Code § 40–615 was amended on April 9, 1997 (before the accident in this case) to exclude a third option previously available, which was to "admit with explanation."

**7.** The implementing regulation makes it clear that the payment may be made through the mails. D.C.M.R. § 3006.2. Such payment in almost all cases makes it unnecessary to appear at a hearing. D.C.Code § 40–615(c).

mailed response is, on its face, indicative of a guilty plea. *See Hannah v. Ike Topper Structural Steel Co.*, 120 Ohio App. 44, 201 N.E.2d 63, 64 (1963) (exclusion where form authorized clerk to "enter plea of guilty for me" upon payment of fine); *see also La-Rue v. Archer*, 130 Idaho 267, 939 P.2d 586 (App.1997) ("payment of the fixed penalty by mail shall constitute an admission of the charge.")

Following the overwhelming authority excluding such evidence, we are persuaded that the trial court's ruling was correct as a matter of law. Accordingly, the judgment appealed from is

*Affirmed.*