1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Harold WILMER, Jr., Plaintiff-Appellee,
v.
BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY,
Defendant-Appellant.
 No. 92-3389.
 United States Court of Appeals, Tenth Circuit.
 July 26, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff brought this diversity tort action to recover for personal injuries suffered when his motorcycle left the roadway on a curve at which defendant, the Board of County Commissioners of Leavenworth County, Kansas (the Board), allegedly failed to provide adequate warning signs. The Board maintained that plaintiff's negligent operation of his motorcycle proximately caused the accident. A first trial resulted in a verdict finding the Board 51% at fault and plaintiff 49% at fault under the state comparative negligence scheme, but inexplicably awarding no damages for pain and suffering. The district court, in a ruling unchallenged here, ordered a new trial. The new jury attributed 73% of the causal negligence to the Board and 27% to plaintiff. The Board then moved for a third trial, arguing that the increase in its liability assessed at the second trial was the result of the improper admission of evidence, over objection, of changes in the pertinent roadside warnings made after plaintiff's accident. The district court denied the motion, and this appeal followed.
 
 
 2
 The sole issue raised by the Board is whether the district court erred in failing to exclude references to its post-accident remedial conduct. Citing Rimkus v. Northwest Colorado Ski Corp., 706 F.2d 1060, 1064-65 (10th Cir.1983), and Herndon v. Seven Bar Flying Service, Inc., 716 F.2d 1322, 1331 (10th Cir.1983), cert. denied, 466 U.S. 958 (1984), the district court deemed the evidence admissible "for the purpose of refuting a defendant's allegation that the plaintiff was at fault." App. 51. We review that determination for an abuse of discretion, Wheeler v. John Deere Co., 935 F.2d 1090, 1099 (10th Cir.1991), and reverse for the following reasons.
 
 
 3
 While federal law generally governs admissibility of evidence in diversity cases, this court held shortly after Rimkus and Herndon were decided that the admission of evidence regarding subsequent remedial measures "is so dependent on a state substantive policy that state law must be applied." Romine v. Parman, 831 F.2d 944, 945 (10th Cir.1987) (citing Moe v. Avions Marcel Dassault-Breguet Aviation, 727 F.2d 917, 930-33 (10th Cir.), cert. denied, 469 U.S. 853 (1984); see Wheeler, 935 F.2d at 1098. Kansas law therefore governs our analysis of the issue under review.
 
 
 4
 Kansas follows the general rule prohibiting admission of subsequent remedial measures evidence to prove negligence or culpable conduct. See Huxol v. Nickell, 473 P.2d 90, 93 (Kan.1970); Agnew v. Dillons, Inc., 822 P.2d 1049, 1055 (Kan.Ct.App.1991). The only specific limitations on this rule the Kansas courts have recognized permit the introduction of such evidence "to show the condition of the place or thing involved at the time of the accident, on the issue of whose responsibility it was to make repairs, and to show control of premises where control is a matter of dispute." Huxol, 473 P.2d at 94 (citations omitted); see, e.g., Siruta v. Hesston Corp., 659 P.2d 799, 809 (Kan.1983); Schmeck v. City of Shawnee, 651 P.2d 585, 600 (Kan.1982). Here, the disputed evidence was not offered on, nor was the jury told to limit its consideration to, one of these permissible matters. See App. at 62-69. Rather, the evidence was put before the jury for the purpose of allocating comparative negligence. Id. Accordingly, we hold that the district court abused its discretion in admitting this prejudicial evidence, making a new trial necessary.
 
 
 5
 The judgment of the United States District Court for the District of Kansas is REVERSED, and the cause is REMANDED for a new trial.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3