896 P.2d 976

**Lynette Ruby MARTIN,
Plaintiff–Appellant,**

v.

**Robert Dean HACKWORTH and
Northside Canal Company,
Defendants–Respondents.**

No. 21343.

Supreme Court of Idaho,
Twin Falls, March 1995 Term.

June 13, 1995.

Emil F. Pike, Jr., Twin Falls, for appellant.

Leon E. Smith, Jr., Twin Falls, for respondents.

JOHNSON, Justice.

This is a vehicular accident case. We conclude that although the trial court should not have allowed testimony concerning the issuance of two traffic citations to the plaintiff, the testimony does not require a new trial because it did not affect the plaintiff's substantial rights. We also conclude that the trial court properly refused to give an instruction requested by the plaintiff, and that the trial court adequately instructed the jury.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

A pickup truck driven by Robert Hackworth struck a pickup truck driven by Lynette Martin at a rural intersection. Martin sued Hackworth.

At trial, Martin testified that she came to a full stop at a stop sign, looked both ways, and then slowly proceeded into the intersection. Hackworth testified that he approached the intersection at forty to forty-five miles per hour, despite a posted speed limit of thirty-five miles per hour and obstructed visibility at the intersection. Hackworth applied his brakes when he saw Martin in the intersection, but was unable to stop before colliding with Martin.

Over objection, the trial court allowed Hackworth's lawyer to ask Martin on cross-examination whether Martin received any traffic citations as a result of the accident. Martin stated that she received two citations. The evidence indicated that one of the citations was for failure to register a horse trailer. There was no evidence concerning the nature of the other citation or the disposition of either citation.

At the conclusion of the trial, Martin requested the following jury instruction, taken from I.C. § 49–654, to address Hackworth's violation of the speed limit:

(1) No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection ... and when special hazards exist with respect to ... other traffic or by reason of weather or highway conditions.

(2) Where no special hazard exists that requires lower speed for compliance with subsection (1) of this section the limits as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle at a speed in excess of the maximum limits:

(a) Thirty-five miles per hour....

The trial court instructed the jury according to subsection (1) of Martin's request, but not according to subsection (2). To address Hackworth's violation of the posted speed limit, the trial court gave the following instruction, taken from I.C. § 49–801(1):

Obedience to and required traffic control devices. One, the driver of any vehicle shall obey the instructions of any traffic control device placed or held in accordance with the provisions of this title.

The trial court also instructed the jury: "This section of the Idaho Code applies to all traffic control signs and a violation of which is negligence."

The jury reached a special verdict finding that Hackworth and Martin were each fifty percent negligent in causing the accident. The trial court entered judgment in favor of Hackworth. Martin appealed.

## II.

### THE TRIAL COURT IMPROPERLY ADMITTED TESTIMONY THAT MARTIN RECEIVED TWO TRAFFIC CITATIONS AS A RESULT OF THE ACCIDENT, BUT THIS ERROR DOES NOT ENTITLE MARTIN TO A NEW TRIAL.

■ Martin asserts that the trial court improperly allowed questions on cross-examination regarding citations Martin received as a result of the accident. We agree, but conclude that the admission of this evidence does not require a new trial because it did not affect Martin's substantial rights.

■ We first note that Martin did not object to the questions concerning the citations based on I.R.E. 403. Therefore, we do not address this basis for challenging the testimony on appeal. *See Lankford v. Nicholson Mfg. Co.*, 126 Idaho 187, 190, 879 P.2d 1120, 1123 (1994).

■ Martin objected to these questions on the grounds that traffic citations are inadmissible in subsequent civil proceedings arising out of the same accident. We agree. A citation constitutes a police officer's conclusion that a driver has violated a statute or an ordinance. While a police officer may testify about the observations which led the officer to issue the citation, it is improper for the officer to testify that the driver violated the law. *See Hawkins v. Chandler*, 88 Idaho 20, 26, 396 P.2d 123, 129 (1964) (holding lay witness never permitted to give opinion on question of law); *see also* I.C. § 49–1202 (1994) (providing abstract of driving record furnished by department of motor vehicles inadmissible as evidence in any action arising out of motor vehicle accident).

■ Hackworth argues that the questions about the two citations impeached Martin's deposition testimony that she received only one citation as a result of the accident. This statement in her deposition was not presented to the jury on direct examination, and is therefore not a proper subject for impeachment on cross-examination.

Even though the trial court should not have allowed cross-examination about the two citations, we conclude that the admission of the testimony does not require a new trial because it did not affect Martin's substantial rights. *Hake v. DeLane*, 117 Idaho 1058, 1065, 793 P.2d 1230, 1237 (1990) (citing I.R.C.P. 61 and I.R.E. 103). The jury heard only that there were two citations issued to Martin, one of which was for failure to register a horse trailer, and did not learn of the nature of the infraction underlying the second citation, or whether that citation resulted in a conviction.

## III.

### THE TRIAL COURT DID NOT IMPROPERLY REFUSE MARTIN'S INSTRUCTION, AND ADEQUATELY INSTRUCTED THE JURY.

■ Martin asserts that the trial court should have given Martin's requested instruction concerning Hackworth's violation of the speed limit. We conclude that Martin's requested instruction was not applicable to the facts of this case, and that the trial court's instructions were adequate.

Subsection (2) of the statute from which Martin's requested instruction is derived contains these provisions concerning a thirty-five miles per hour speed limit:

> Where no special hazard exists that requires lower speed for compliance with subsection (1) of this section the limits as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle at a speed in excess of the maximum limits:
>
> (a) Thirty-five (35) miles per hour ... in any residential neighborhood of any urban district;

(b) Thirty-five (35) miles per hour in any urban district;

. . . .

I.C. § 49–654(2) (1994).

There was no evidence or allegation that the accident took place in an urban district. Therefore, subsection (2) of Martin's requested instruction is not applicable to the facts of this case, and the trial court correctly refused to give it. *See Gardner v. Hobbs,* 69 Idaho 288, 292, 206 P.2d 539, 543 (1949) (holding trial court improperly instructed jury on speed limits not applicable under the issues created by the evidence or pleadings).

The instructions given by the trial court instructed the jury to find a driver negligent who violated a traffic control sign. This instructed the jury to find Hackworth negligent if he was exceeding the posted speed limit. Taken as a whole, these instructions accurately and fairly presented the issues and stated the applicable law, and were therefore proper. *See Bott v. Idaho State Bldg. Auth.,* 122 Idaho 471, 476, 835 P.2d 1282, 1287 (1992).

### IV.

### CONCLUSION.

We affirm the judgment.

We award costs, but not attorney fees, on appeal to Hackworth.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.