939 P.2d 586

**Nona Louise LaRUE and Tracy Miller, Plaintiffs–Appellants,**

v.

**Lauyrl Fred ARCHER, Defendant–Respondent.**

**No. 22161.**

Court of Appeals of Idaho.

June 11, 1997.

Steveley Law Offices, Boise, for plaintiffs–appellants. Craig Steveley argued.

Yturri, Rose, Burnham, Ebert & Bentz, Fruitland, for defendant–respondent. Timothy J. Helfrich, Ontario, OR, argued.

WALTERS, Chief Judge.

This is an appeal from a judgment entered on a jury's award of no damages to the appellant in a personal injury case stemming from an automobile accident. The appellant raises issues regarding the admissibility of

evidence and the jury instructions. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 1993, shortly before 5:00 p.m., Nona L. LaRue and her passenger, Tracy Miller, were travelling north on Yale Street (referred to by the parties sometimes as Yale Avenue and Yale Road) in Nampa. Yale Street is a two-way road, which runs north-south and intersects with the Nampa–Caldwell Boulevard. The Nampa–Caldwell Boulevard lies in an east-west direction. While proceeding in the traffic lane approaching the Nampa–Caldwell Boulevard, LaRue noticed Lauyrl Fred Archer's vehicle, which had been travelling east, at the stop sign on Davis Avenue. Davis Avenue, sometimes referred to by the parties as Davis Road, is located parallel to the Nampa–Caldwell Boulevard and intersects with Yale Street just south of the Nampa–Caldwell Boulevard. LaRue proceeded into the Yale–Davis intersection, passing on the right side of a number of vehicles that were stopped on Yale Street while waiting to enter the Nampa–Caldwell Boulevard. The stopped vehicles were not blocking Davis Street, so Archer proceeded also into the Yale–Davis intersection in front of the stopped vehicles. As LaRue and Miller continued through the Yale–Davis intersection, they collided with Archer's vehicle.

After the parties were unable to successfully negotiate a settlement, LaRue and Miller filed a personal injury action against Archer in July of 1994. During the trial, Archer admitted on cross-examination that he failed to yield to LaRue's vehicle as required by the stop sign at the intersection of Yale Street and Davis Avenue.

In a special verdict, the jury found that LaRue and Archer each were 50% negligent in causing the accident. Accordingly, the jury did not award damages to either of those parties and a judgment dismissing LaRue's claims against Archer was entered. The jury awarded damages to Miller and a judgment was entered in favor of Miller

against Archer. LaRue timely appealed from the judgment.[1]

## II. ISSUES ON APPEAL

LaRue asserts that the district court erred in denying her request to admit evidence of Archer's payment through the mail of the traffic citation issued to him as a result of the accident. She also argues that the court erred in refusing one of her proposed jury instructions and in denying her request to incorporate all of the language of Idaho Code § 49–633, in one of the instructions given to the jury. Finally, LaRue contends that the cumulative effect of the district court's alleged errors constitutes reversible error.

## III. DISCUSSION

### A. Admissibility of the Payment of a Traffic Citation.

Prior to the presentation of evidence, LaRue sought a ruling from the district court on the admissibility of proof that, as a result of the accident, Archer had received a traffic citation for failure to yield at a stop sign (an infraction) and that Archer did not contest the citation but paid the fine. The district court decided not to permit the introduction of this evidence during LaRue's case in chief, on the ground that the prejudicial value of the evidence outweighed its probative value. *See* I.R.E. 403. The court did, however, state that the evidence may have "some potential rebuttal value," suggesting that the issue could be revisited.

Citing *Mattson v. Bryan*, 92 Idaho 587, 448 P.2d 201 (1968), and *Beale v. Speck*, 127 Idaho 521, 903 P.2d 110 (Ct.App.1995), LaRue argues that payment of the traffic citation constituted either an admission by a party-opponent or a declaration against interest. She contends that by paying the fine, Archer admitted his guilt. She further contends that the admission should have been placed into evidence in the civil action which arose from the same act as charged in the traffic citation.

---

1. Although the notice of appeal designates both LaRue and Miller as appellants, the appellants' brief which subsequently was filed characterizes only LaRue as the appellant.

■ Archer points out that the record in this case does not include the traffic citation. Therefore, we are unable to determine whether Archer signed a written entry of admission at the time payment was tendered pursuant to Idaho Infraction Rule 6(a).[2] The mere fact of *receiving* a traffic citation, by itself, is not admissible evidence in a subsequent civil proceeding arising out of the same accident. *Martin v. Hackworth,* 127 Idaho 68, 70, 896 P.2d 976, 978 (1995).

As to the payment of the fine for the traffic citation, Archer responds that LaRue improperly treats this issue as identical to that in *Beale.* In *Beale,* the defendant appeared in court and entered a plea of guilty to the charge of following too closely. 127 Idaho at 525, 903 P.2d at 114. Here, the arguments of the parties indicate that after Archer received the citation, he sent the payment through the mail, as permitted by Idaho Infraction Rule 6(a), and that he never appeared in court and entered a plea to the charge.

■ It appears that the issue in this case is similar to the question considered in *Briggeman v. Albert,* 322 Md. 133, 586 A.2d 15 (1991), and in *Walker v. Forrester,* 764 P.2d 1337 (Okla.1988), discussed in *Beale.* In *Briggeman* and *Walker,* the courts held that the payment of a traffic infraction, without entry of a plea, is like a plea of nolo contendere. These courts reasoned that because such a payment is neither a guilty plea nor an express acknowledgment of guilt, it is inadmissible in a subsequent civil trial. We agree and hold that the admission resulting from the payment of a traffic citation for an infraction, without appearing in court and entering a plea of guilty, is the functional equivalent of a plea of nolo contendere. Although we acknowledge that pursuant to statute and rule, the Idaho Department of Transportation may assess points on a driver's record upon payment of the infraction, a plea of nolo contendere is inadmissible under Idaho Rule of Evidence 410(a)(2) in a subsequent civil proceeding to establish liability. Consequently, the district court did not err in prohibiting LaRue from offering evidence that Archer had received, and paid a fine for, a traffic infraction citation arising from the accident without entering a plea of guilty.

## B. Jury Instructions.

Next, LaRue asserts that the district court erred in refusing two proposed jury instructions.

### 1. Proposed Jury Instruction No. 30.

LaRue argues that she offered proposed jury instruction no. 30, to show that a person driving on a through street has a statutory right not to have to anticipate that a driver at a stop sign will fail to yield. Proposed jury instruction no. 30 read as follows:

Idaho Code Section 49–807(1)(2) places the duty upon the driver of the vehicle approaching the stop sign to stop before entering the controlled intersection. Other vehicles approaching such a controlled intersection are entitled to rely upon the mandatory provision of that statute. It is the duty of the driver approaching the stop

**2.** Idaho Infraction Rule 6(a) provides in part:

(a) Admission of Citation by Mailing Penalty. Any person charged with an infraction by citation may enter an admission by paying the fixed penalty by mail. Payment of the fixed penalty by mail shall constitute an admission of the charge. The fixed penalty must be mailed by the defendant so as to be received by the court on before the appearance date set forth in the citation.

Rule 5(d) of the Idaho Infraction Rules provides that the form of the citation used for infractions is the same as that set forth in the Idaho Misdemeanor Criminal Rule 5. *Misdemeanor Rule 5* provides that the back of the defendant's copy of a citation shall contain the following language:

5. ADMISSION OF CHARGE. You may admit the charge by mailing to the court (within the time allowed for your appearance) this copy of the citation together with your personal check or money order for the amount of the fixed penalty and costs. Payment of the fixed penalty and costs by mail will cause a judgment to be entered against you for the infraction for which driver violation points may be assessed against you by the Department of Transportation, OR You may go before the clerk of the court, within the time allowed for your appearance, to enter your admission at which time you must pay the same fixed penalty and costs.

Then follows a box within which the defendant may enter a checkmark opposite the words: "I ADMIT TO VIOLATION ... and enclose my check for the full penalty and costs."

sign to come to a halt and determine if it is safe to proceed across the highway; it is not the duty of the driver of the vehicle on the sign-protected through highway to assume drivers will violate such a mandatory, statutory duty.

LaRue asserts that without this instruction, the jury erroneously gave some credibility to Archer's testimony that he was not required by statute to yield to LaRue but, rather, LaRue should have yielded to him.

■ The question whether the jury was properly instructed is a question of law for free review on appeal. *State v. Jones,* 125 Idaho 477, 489, 873 P.2d 122, 134 (1994); *State v. Carsner,* 126 Idaho 911, 914, 894 P.2d 144, 147 (Ct.App.1995). We ask whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law. *State v. Enno,* 119 Idaho 392, 405, 807 P.2d 610, 623 (1991); *State v. Velasquez-Delacruz,* 125 Idaho 320, 323, 870 P.2d 673, 676 (Ct.App.1994).

■ LaRue's proposed instruction no. 30 would have been contrary to the recommendation found in Idaho Civil Jury Instruction (IDJI) 219: "The Committee recommends that no instruction to the effect that a person has a right to anticipate due care or obedience to the law on the part of others be given." According to the IDJI Committee such an instruction is not to be given because it "constitutes a comment by the judge on the fact issue as to what a reasonably careful person may or should do," which "is a jury question." The following statements in La-Rue's proposed instruction would have violated the recommendation in IDJI 219:

[o]ther vehicles approaching such a controlled intersection are entitled to rely upon the mandatory provision of that statute .... it is not the duty of the driver of the vehicle on the sign-protected through highway to assume drivers will violate such a mandatory statutory duty.

*Cf. Futrell v. Martin,* 100 Idaho 473, 478, 600 P.2d 777, 782 (1979) (trial court did not err in rejecting plaintiffs' proposed instructions in traffic accident case concerning duties of drivers turning to the left which contained statements of or comments on the evidence).

Here, the jury was instructed by instruction no. 10, as follows:

**Stop signs and yields signs.**—(1) Preferential right-of-way may be indicated by stop signs or yield signs as authorized in section 49–212, Idaho Code. (2) Except when directed to proceed by a peace officer or traffic-control signal, every driver of a vehicle approaching a stop sign shall stop:

(a) at a clearly marked stop line, or

(b) before entering the crosswalk on the near side of the intersection, or

(c) at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering it.

After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of highways.

The court also instructed the jury through instruction no. 11, that:

**Vehicle approaching or entering intersection.**—(1) When two (2) vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

■ Jury instructions utilizing statutory language are proper when they state the law applicable to the facts. *Holland v. Peterson,* 95 Idaho 728, 518 P.2d 1190 (1974). We hold that the district court thoroughly covered the duties of a driver at a stop sign and the law concerning right-of-way at intersections in these instructions to the jury, both of which provided the applicable law at the time of the occurrence in question.

### 2. Jury Instruction No. 12A.

■ Prior to the district court's submission of the instructions to the jury, LaRue argued that instruction no. 12A, as proposed by the court, was defective. Instruction No. 12A reads:

There was in force in the State of Idaho at the time of the occurrence in question, a traffic statute which provided that:

The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(a) when the vehicle overtaken is making or about to make a left turn;

(b) upon a highway with unobstructed pavement for sufficient width for two or more lines of vehicle [sic] moving lawfully in the direction being traveled by the overtaking vehicle.

The driver of the vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety.

A violation of the statute constitutes negligence unless compliance with the statute was impossible.

This instruction essentially tracks the language of I.C. § 49–633. However, it omits the last line of subparagraph two of the statute. Subparagraph two in its entirety reads that:

The driver of the vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. That movement shall not be made by driving off the roadway.

LaRue asserts that the instruction read by the trial court was defective because it omitted the last sentence, "That movement shall not be made by driving off the roadway." LaRue contends that because of the defect in the instruction, the jury was allowed to erroneously presume that any time a driver passes on the right, the driver is negligent per se and such a driver is the one who must yield. LaRue also contends that sufficient facts were produced at trial to support her allegation that she did not drive off of the roadway.

The district court held that addition of the last line of I.C. § 49–633(2) would confuse the jury, and that there was not an issue before the jury of passing on the right beyond the surface of the roadway. We agree. We hold that jury instruction no. 12A fairly and accurately reflected the applicable law.

## C. Cumulative Error.

■ Finally, LaRue submits that the cumulative effect of the district court's erroneous rulings deprived her of a fair trial. She argues that as a result the district court committed reversible error. While this Court has recognized the doctrine of cumulative error, *State v. Larsen,* 123 Idaho 456, 459, 849 P.2d 129, 132 (Ct.App.1993); *State v. Campbell,* 104 Idaho 705, 719, 662 P.2d 1149, 1163 (Ct.App.1983), a necessary predicate to application. of the doctrine is a finding of error in the first instance. *State v. Blackstead,* 126 Idaho 14, 23, 878 P.2d 188, 197 (Ct.App.1994); *Reynolds v. State,* 126 Idaho 24, 32, 878 P.2d 198, 206 (Ct.App.1994). As discussed above, we have reviewed each of the alleged errors and the record as a whole and have concluded that the district court committed no error. Thus, there can be no cumulative error.

## IV. CONCLUSION

The district court did not err in ruling on the admissibility of the evidence as to the traffic citation. The district court did not err by refusing to give LaRue's proposed instruction No. 30, and the court did not err by giving instruction no. 12A.

The judgment is affirmed. Costs are awarded to respondent, no attorney fees on appeal are awarded.

LANSING and PERRY, JJ., concur.