111 P.3d 144

**Betty J. KUHN, Plaintiff–Appellant,**

v.

**Margaret L. PROCTOR, Defendant–Respondent.**

No. 29820.

Supreme Court of Idaho,
Boise, December 2004 Term.

April 13, 2005.

**460**

Lojek Law Offices, Boise, for appellant. Donald W. Lojek argued.

Brassey, Wetherell, Crawford & McCurdy, LLP, Boise, for respondent. J. Nick Crawford argued.

## SUBSTITUTE OPINION, THE COURT'S PRIOR OPINION DATED MARCH 3, 2005 IS HEREBY WITHDRAWN.

SCHROEDER, Chief Justice.

Betty J. Kuhn (Kuhn) appeals from the judgment entered by the district court following a jury trial finding that she and Margaret L. Proctor (Proctor), were equally at fault for a motor vehicle accident occurring on August 15, 2001. Kuhn argues that the district court erred by (1) not granting Kuhn's motion for a new trial, (2) not allowing evidence of Proctor's payment of a traffic citation, and (3) improperly instructing the jury on the issue of insurance.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2001, Proctor's vehicle was traveling eastbound on Fifth Street South in Nampa, Idaho, when it collided with Kuhn's automobile traveling northbound on Fourth Avenue South. Kuhn's vehicle was struck perpendicularly on the driver's side door. A police officer called to the scene issued a traffic citation to Proctor for failure to yield the right of way to Kuhn in approaching the intersection. Kuhn sued Proctor for damages arising out of the accident, alleging that Proctor was negligent. Proctor answered, alleging that Kuhn's negligence caused or contributed to the accident. The case was tried to a jury.

Kuhn testified that as she approached the intersection she slowed down, looked both ways twice, and seeing no other cars proceeded through the intersection. She was traveling around 20 miles per hour prior to the collision. She stated that there were sight restrictions at the intersection, which she had confirmed by going back to the scene of the accident. This testimony was contrary to prior testimony Kuhn had given in a deposition when she stated that the intersection had no sight restrictions and that she had confirmed this fact by a visit to the scene the day before the deposition.

Proctor testified at trial that she approached the intersection and slowed to a stop, looked both ways and did not see any other cars coming. She proceeded through the intersection and Kuhn's vehicle "was just right there." Proctor testified that she applied her brakes prior to impact with Kuhn's car.

Proctor paid the citation issued by the police officer by check, relying on information from her insurance company that she could pay the fine without admitting liability

for the accident. Kuhn argued that the payment was an admission against interest and therefore admissible. The district court refused to admit the evidence based on the holding in *LaRue v. Archer*, 130 Idaho 267, 939 P.2d 586 (Ct.App.1997).

Both parties submitted proposed jury instructions. Kuhn objected to Jury Instruction Number 10, which was based on former Idaho Jury Instruction (IDJI) 101, which advised the jury that no insurance company was a party to the case and the jury should not base a decision in any way on insurance. Kuhn argued the instruction was prejudicial because it gave the impression the defendant was not insured. The court agreed to remove the instruction. However, the clerk's record indicates that the instruction was included in the instructions delivered to the jury.

The jury returned a unanimous verdict finding Kuhn and Proctor each 50% negligent in causing the accident. Kuhn filed a motion for additur, new trial or for judgment notwithstanding the verdict. A hearing on these post-trial motions was conducted, and both parties agreed to waive the presence of a court reporter. The district court denied each of the post-trial motions and entered a written order to that effect. Kuhn appealed.

## II.

### AN ERROR IN THE EXCLUSION OF EVIDENCE REQUIRES REMAND FOR A JURY TRIAL

Kuhn asserts she is entitled to a new trial on various grounds, including arguments that the verdict was not supported by sufficient evidence, that the district court gave an inappropriate instruction concerning insurance, and that the district court improperly excluded the evidence that Proctor paid the traffic citation that was issued.

### A. The Exclusion of Evidence of the Payment of the Traffic Citation

■ Proctor was cited for failure to yield and paid the citation by check. The district court ruled that payment of the citation was inadmissible, relying on *LaRue v. Archer*, 130 Idaho 267, 939 P.2d 586 (1997), decided by the Court of Appeals. This Court has not decided the issue.

Idaho Infraction Rule 6(a) provides in part that "[a]ny person charged with an infraction by a citation *may enter an admission by paying* the fixed penalty by mail. Payment of the fixed penalty shall constitute an *admission of the charge.*" I.I.R. 6(a)(2004) (emphasis added). Idaho Rule of Evidence 801(d)(2)(A) provides that a statement made by a party "in either an individual or representative capacity" is not considered hearsay [1] and is admissible regardless of a declarant's availability at trial. I.R.E. 801(d)(2)(A)(2004). A "statement" includes nonverbal conduct where the conduct is intended as an assertion. I.R.E. 801(a)(2004).

■ The Court of Appeals has dealt with the admissibility of evidence relating to a guilty plea to a traffic charge in a civil case involving the same incident. *LaRue*, 130 Idaho 267, 939 P.2d 586; *Beale v. Speck*, 127 Idaho 521, 903 P.2d 110 (Ct.App.1995). In *Beale*, the Court of Appeals held that, "[e]vidence of a party's plea of guilty to a traffic infraction is admissible against that party in a subsequent civil proceeding arising from the same occurrence as an admission by a party-opponent." *Beale*, 127 Idaho at 530, 903 P.2d at 119. The Court of Appeals again addressed the issue of admissibility of guilty pleas as reflected in traffic infractions in civil trials of the same incident in *LaRue*, determining the following:

> We ... hold that the admission resulting from the payment of a traffic citation for an infraction, *without appearing in court and entering a plea of guilty,* is the functional equivalent of a plea of nolo contendere .... a plea of nolo contendere is inadmissible under Idaho Rule of Evidence 410(a)(2).

*LaRue*, 130 Idaho at 270, 939 P.2d 586, 589 (emphasis added). A plea of nolo contendere is considered the functional equivalent of a

---

1. Hearsay is an out of court statement offered to prove the proof of the matter asserted. I.R.E. 801(c)(2004).

guilty plea in the criminal context. Black's Law Dictionary, 1048 (6th Ed.1990). I.R.E. 410(a)(2) states that a plea of nolo contendere is inadmissible in a civil trial. I.R.E. 410(a)(2). *LaRue* held that I.I.R. 6(a) was inapplicable because the defendant mailed in payment of the fine and did not include a copy of the citation. *LaRue*, 130 Idaho at 270, 939 P.2d at 589. According to *LaRue*, "the record in this case does not include the traffic citation. Therefore we are unable to determine whether [defendant] signed a written entry of admission at the time payment was tendered pursuant to Idaho Infraction Rule 6(a)." *Id.* In this case Proctor mailed the check without a copy of the citation included.

*LaRue* further distinguished Beale on the basis the defendant in *Beale* had "appeared in court and entered a plea of guilty" to the traffic charge. *Id. LaRue* reasoned that the payment of a traffic citation was "neither a guilty plea nor an express acknowledgment of guilt" and is inadmissible in a civil trial. *Id.* (citing *Briggeman v. Albert*, 322 Md. 133, 586 A.2d 15 (1991); *Walker v. Forrester*, 764 P.2d 1337 (Okla.1988)).

█ The district court relied on *LaRue* in making its decision to exclude the evidence of payment of the citation. Cases exist from other jurisdictions supporting either the admissibility or inadmissibility of evidence of the payment of a traffic citation. However, the question in Idaho is answered by reference to I.I.R. 6(a) which provides that, "[p]ayment of a fixed penalty shall constitute an admission to the charge," and I.R.E. 804(b)(3), which provides that a statement by a party which may subject the declarant to civil or criminal liability is admissible at trial. I.I.R. 6(a); I.R.E. 804(b)(3). "Payment" under I.I.R. 6(a) constitutes an admission of guilt and is likewise a statement against interest. The evidence of payment should have been admitted.

█ In this case the jury apportioned the negligence of the parties equally. A shift of a single percentage point in favor of Kuhn would have meant some recovery instead of none. The error in excluding the evidence cannot be considered harmless.

## III.

## THE INSTRUCTION ON INSURANCE

### A. Standard of Review

█ The correctness of jury instructions "is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have been given, is whether there is evidence at trial to support the instruction." *Clark v. Klein*, 137 Idaho 154, 156, 45 P.3d 810, 812 (2002). Review is limited to a determination of whether the instructions, taken as a whole, fairly and adequately present the issues and state the law. *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002); *Ricketts v. E. Idaho Equip. Co., Inc.*, 137 Idaho 578, 581, 51 P.3d 392, 395 (2002). The jury should be instructed concerning every reasonable claim supported by the pleadings and the evidence. *Watson v. Navistar Intern. Transp. Corp.*, 121 Idaho 643, 666, 827 P.2d 656, 679 (1992); *see also Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 461–62, 860 P.2d 653, 664–65 (1993). If the instructions do not mislead or prejudice a party an erroneous instruction will not constitute reversible error. *Howell v. E. Idaho R.R., Inc.*, 135 Idaho 733, 24 P.3d 50, 57 (2001).

### B. The Instruction on Insurance

Kuhn alleges that, over her objection, an instruction was given to the jury which states that an insurance company is not a party to this case. Proctor asserts that the alleged improper instruction was not given to the jury. The record before this Court is that Kuhn objected to the inclusion of the instruction and the district court agreed to exclude the instruction in the final proposed instructions. However, the clerk's record submitted to this Court indicates that the instruction was included in the instructions given by the court.

The Court does not have to determine if the disputed instruction was given to the jury since the case will be retried. However, the propriety of the instruction will be addressed

since the question will most likely be presented upon retrial.

■ The disputed instruction is based on former IDJI 101 and states that no insurance company is a party to this case and that the jury should not make any "inference speculation or discussion about insurance." IDJI 101(2004). There has been considerable debate as to whether IDJI 101 implies that there is no insurance rather than simply advising a jury that the question of insurance should not be considered. If an insurance instruction is given it would be better to state that whether there is or is not insurance is a fact that should not be discussed or considered by the jury. The case should be decided solely upon the facts and law presented to the jury.

## IV.

### CONCLUSION

The judgment entered in the district court based upon the jury verdict is vacated. The case is remanded for a new trial. Kuhn is awarded costs. No attorney fees are allowed.

Justice TROUT, KIDWELL, EISMANN and BURDICK concur.

