147 P.3d 108

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lynn D. SALISBURY, Defendant–Appellant.**

No. 32200.

Court of Appeals of Idaho.

Nov. 2, 2006.

Cooper & Larsen, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Lynn D. Salisbury appeals from a decision of the district court on intermediate appeal affirming the magistrate's order rejecting Salisbury's I.C.R. 11 plea agreement. For the reasons set for the below, we affirm the district court's decision and remand for further proceedings.

## I.

## FACTS AND PROCEDURE

Salisbury was charged with misdemeanor vehicular manslaughter, I.C. § 18–4006(3)(c), after the vehicle she was driving struck a pedestrian who later died from the resulting injuries. Salisbury and the state entered into a Rule 11 plea agreement in which Salisbury would enter a plea of *nolo contendere* to the crime charged. Salisbury reserved the right to withdraw her plea in the event the magistrate would not accept the agreement. The magistrate rejected the plea agreement. The magistrate based the rejection upon its determination that Idaho law does not allow for *nolo contendere* pleas. Additionally, the magistrate noted in its opinion that the acceptance of a plea of *nolo contendere* for the specific purpose of aiding a defendant by rendering the plea inadmissible in any later civil litigation against him or her does not override the public interest in adjudicating innocence or guilt.

Pursuant to a request by both parties, the magistrate granted a permissive appeal of its order rejecting the plea agreement. The district court affirmed the magistrate's order. Salisbury again appeals.[1]

1. On appeal before this Court, the state for the first time opposes Salisbury's desire to plead *nolo contendere*. In addition to adopting the district court's opinion in affirming the decision of the magistrate, the state argues that Salisbury's appeal should be rejected by this Court for failing to challenge the magistrate's "alternate ruling." However, it is not entirely clear whether the magistrate made an alternate ruling. The magistrate's statement regarding the relationship between a plea of *nolo contendere* and the public

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

### A. *Nolo Contendere* and *Alford* Pleas

Salisbury asserts the magistrate erred in determining that Idaho does not recognize *nolo contendere* pleas. Salisbury contends that, because Idaho courts recognize *Alford*[2] pleas, they must also recognize *nolo contendere* pleas as they are essentially the same thing.

*Nolo contendere* is a plea originating in the common law. *See Alford*, 400 U.S. at 36, 91 S.Ct. at 167, 27 L.Ed.2d at 170–71. Although courts have defined the plea in various ways, throughout its history, a plea of *nolo contendere* has not been considered an express admission of guilt but rather consent from the defendant to be punished by the state as if he or she were guilty without benefit of trial. *See id.*

A defendant is shielded by the Fifth Amendment from being compelled or coerced to bear witness against himself or herself in a criminal case and, therefore, it is required that a court ensure that all guilty pleas are made knowingly and voluntarily so as to not violate the defendant's constitutional right. *See Brady v. United States*, 397 U.S. 742,

interest in adjudicating criminal cases may be mere dicta, not an alternative ruling. While the magistrate may freely reject a plea agreement under I.C.R. 11(d)(4), the reason it specified for doing so in this case was that Idaho does not recognize *nolo contendere* as a valid plea.

2. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747, 756 (1970). In *Alford,* the United States Supreme Court considered whether a defendant's entry of a guilty plea, accompanied by assertions of innocence, was voluntary and therefore not compelled within the meaning of the Fifth Amendment to the United States Constitution. *See Alford,* 400 U.S. at 30–31, 91 S.Ct. at 163–64, 27 L.Ed.2d at 167–68.

The Court's analysis in *Alford* discussed the common-law plea of *nolo contendere* at length. *Id.* at at 35–36, 91 S.Ct. at 166–67, 27 L.Ed.2d at 170–71. The Court's previous opinions held that federal courts had the power to accept a plea of *nolo contendere* as there was no constitutional bar to sentencing a defendant to a term of prison when the defendant did not expressly admit guilt but was willing to voluntarily waive trial and accept the sentence. *Id.* The Court noted that, had the defendant in the case before them entered a plea of *nolo contendere,* previous case law would be directly on point. *Id.* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. However, the defendant in *Alford* had specifically entered a plea of guilty. The Court then reasoned that it was of "no constitutional significance" whether a plea was denominated one of guilty or of *nolo contendere* with respect to the issue before the Court. *Id.* In its conclusion, the Court held that, while most guilty pleas include an admission of factual guilt along with the waiver of trial, such an admission was not a constitutional requirement to the imposition of a prison sentence so long as the guilty plea was entered voluntarily, knowingly, and intelligently. *See id.*

Salisbury is correct in asserting that Idaho courts recognize *Alford* pleas. *See e.g. State v. Leon,* 142 Idaho 705, 707, 132 P.3d 462, 464 (Ct.App.2006). However, Salisbury's assertion that the United States Supreme Court's holding in *Alford* concludes that there is "no distinction between a plea of guilty accompanied by protestations of innocence and a *nolo contendere* plea" is not correct. The Court concluded that the *nolo contendere* plea and the plea in *Alford* were not significantly *constitutionally* different. *Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. Therefore, whether a defendant entered a guilty plea with accompanying assertions of innocence or pled *nolo contendere,* where there is no guilty plea but an acquiescence to waive trial and be sentenced, a court may constitutionally impose a sentence of incarceration even though there is no express admission of guilt incorporated into either. *Id.*

The reason the Court conducted this comparison was because the defendant in *Alford* entered a plea of guilty despite his assertions of innocence, and the Court determined that, as it had concluded other pleas that had no express admission of guilt but waived the right to trial were valid, the plea given in *Alford* was valid as well. At no time, though, did the Court suggest an *Alford* plea and a plea of *nolo contendere* were "without distinction" or that the two pleas were so analogous as to be considered "interchangeable" as Salisbury now suggests. It is for this reason that in Idaho case law an *Alford* plea is defined as a situation where the court accepts a plea of *guilty* despite the defendant's refusal to admit to the commission of the criminal acts charged. *See e.g. State v. Dopp,* 124 Idaho 481, 485 n. 1, 861 P.2d 51, 55 n. 1 (1993). Therefore, Idaho courts' acceptance of *Alford* pleas does not mean that they must also accept a plea of *nolo contendere* as the two are not synonymous.

## B. *Nolo Contendere* Pleas in Idaho

Salisbury contends the magistrate erred in this case because I.C. § 19–1712 does not expressly exclude the plea of *nolo contendere,* Idaho Rule of Evidence 410(a)(2) recognizes the plea, and Idaho courts have previously, at least tacitly, recognized *nolo contendere* pleas. We reject each contention.

### 1. Idaho Code Sections 19–1712 and 19–1713

Salisbury asserts that I.C. §§ 19–1712 and 19–1713 do not expressly exclude a plea of *nolo contendere.* This Court exercises free review over the application and construction of statutes. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App. 2003). Where the language of a statute is plain and unambiguous, this Court must give

effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager,* 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

■ Idaho Code Section 19–1712 provides four types of pleas a defendant may enter in a criminal proceeding upon indictment: guilty; not guilty; a former judgment of the offense charged; or once in jeopardy. Idaho Code Section 19–1713 defines the acceptable forms of the pleas enumerated in I.C. § 19–1712 when entered by the defendant. These four pleas are equally appropriate in response to an information filed by the state or an indictment by a grand jury. *See* I.C. § 19–1408 ("The first pleading on the part of the people is the indictment."). Neither I.C. § 19–1712 nor 19–1713 establishes the option for a defendant to plead *nolo contendere.* Similarly, I.C.R. 11 provides only that a defendant may plead guilty or not guilty or, upon approval of the court and the consent of the prosecuting attorney, may enter a conditional plea of guilty.

Idaho Code Sections 19–1712 and 19–1713 set forth the criminal pleas the courts of Idaho will accept from defendants. The terms of the statute are clear and unambiguous and in no way suggest that other types of pleas, outside of those expressly listed in the statute, are accepted by Idaho courts. There is no basis for the proposition that the legislature intended to preserve the common law plea of *nolo contendere* but then failed to include it in a statute that serves the express purpose of enumerating the acceptable pleas in criminal proceedings. In short, by their own terms I.C. §§ 19–1712 and 19–1713 do exclude the plea of *nolo contendere* from those pleas accepted by Idaho courts in criminal proceedings, and there is no other Idaho statute or rule that provides for *nolo contendere* pleas.

### 2. Idaho Rule of Evidence 410(a)(2)

■ Salisbury argues I.R.E. 410(a)(2) demonstrates that Idaho courts recognize the plea of *nolo contendere.* Idaho Rule of Evidence 410(a)(2) provides that a prior plea of *nolo contendere* is inadmissible against a defendant in any civil or criminal proceeding in Idaho. As we have determined in the previous section, no Idaho statute or criminal rule recognizes *nolo contendere* as a valid plea in Idaho courts. However, Idaho courts do recognize *nolo contendere* pleas validly entered in other jurisdictions. *See e.g. State v. Bingham,* 107 Idaho 501, 502, 690 P.2d 956, 957 (Ct.App.1984) (one plea of guilty and one plea of *nolo contendere* to separate criminal charges in another state were grounds for revocation of defendant's probation in Idaho). Therefore, under Rule 410(a)(2), a previous plea of *nolo contendere* in another jurisdiction would not be admissible against a defendant in an Idaho civil trial.

Salisbury's argument implies that, because *nolo contendere* pleas from other jurisdictions are recognized in Rule 410(a)(2), it must also be recognized as a valid plea in Idaho courts. We disagree. Contrary to Salisbury's argument, the revised comments of the committee that drafted Rule 410(a)(2) explicitly note that Idaho does not recognize the plea of *nolo contendere* under any existing statute or rule. The comments go on to confirm that *nolo contendere* pleas entered in other jurisdictions would be inadmissible as evidence in Idaho courts under Rule 410(a)(2). We acknowledge that, while these comments do not have the force of law, they

are an expression of the committee's view of the rule and were before the Idaho Supreme Court when it adopted the rule. Furthermore, it is within the Supreme Court's discretion to strike such comments and in this instance they chose to include the comments with the rule. Idaho Rule of Evidence 410(a)(2), then, is intended to only be an evidentiary mechanism for *excluding* evidence of *nolo contendere* pleas entered in other jurisdictions. The rule is not authority to validate Salisbury's attempt to enter a type of criminal plea not recognized by any other Idaho statute or rule.

The recognition by Idaho courts that a defendant may enter a plea of *nolo contendere* in another jurisdiction does not establish that a plea of *nolo contendere* is valid in Idaho courts. Accordingly, I.R.E. 410(a)(2) does not support Salisbury's argument that her plea of *nolo contendere* in the instant case should be accepted by the magistrate.

### 3. Idaho case law

Salisbury next asserts that our decision in *LaRue v. Archer* 130 Idaho 267, 270, 939 P.2d 586, 589 (Ct.App.1997) "tacitly" recognizes a criminal defendant's ability to enter a plea of *nolo contendere*.[3] We disagree.

Initially, we note that *LaRue* dealt only with traffic infractions and the Idaho Infraction Rules. *LaRue*, 130 Idaho at 270, 939 P.2d at 589. Accordingly, the *LaRue* opinion did not interpret the Idaho criminal procedure statutes or rules that are at issue in the instant case.

In *LaRue*, we concluded that, when an individual cited with a traffic infraction pays the fine accompanying the infraction without appearing in court or pleading guilty, it is the functional equivalent of a plea of *nolo contendere* and would not be admissible in a later

civil action as per I.R.E. 410(a)(2). *LaRue*, 130 Idaho at 270, 939 P.2d at 589. The Idaho Supreme Court later overruled *LaRue*, clarifying that under Idaho Infraction Rule 6(a) the payment of a fixed penalty constitutes an admission to the charge and is therefore not functionally equivalent to a *nolo contendere* plea. *See Kuhn v. Proctor* 141 Idaho 459, 462, 111 P.3d 144, 147 (2005).

Moreover, in *Kuhn* the Idaho Supreme Court defined what a plea of *nolo contendere* is but declined to suggest that such a plea might be appropriate in a criminal proceeding. *Kuhn*, 141 Idaho at 461–62, 111 P.3d at 146–47. The Supreme Court's opinion in *Kuhn* does not expressly conclude or tacitly infer that defendants may enter a plea of *nolo contendere* in Idaho criminal proceedings. Therefore, we hold that Idaho courts have no authority to accept *nolo contendere* pleas in Idaho criminal proceedings.

### III.

### CONCLUSION

*Alford* pleas and pleas of *nolo contendere* are distinctly different and, while Idaho courts will accept the former as a valid plea, that does not equal acceptance of the latter as a valid plea. There is no statute or rule that supports the acceptance of *nolo contendere* pleas in Idaho. Applicable statutes and rules specifically exclude any mention of *nolo contendere* as a valid plea in Idaho criminal proceedings. Idaho courts do recognize pleas of *nolo contendere* entered in other jurisdictions. Such pleas are inadmissible as evidence in Idaho courts under I.R.E. 410(a)(2). However, that does not mean a *nolo contendere* plea may be validly entered in an Idaho criminal proceeding or that Rule 410(a)(2) acts as authority for such a proposi-

---

3. Salisbury also argues that Idaho courts have recognized *nolo contendere* pleas in at least one other opinion as well. *See State v. Jackson*, 96 Idaho 584, 532 P.2d 926 (1975); *overruled on other grounds by State v. Dopp*, 124 Idaho 481, 861 P.2d 51 (1993). This is incorrect. The Idaho Supreme Court's opinion in *Jackson* only reiterated what the United States Supreme Court determined in *Alford*—that the *nolo contendere* plea and an *Alford* plea were not significantly *constitutionally* different. *Jackson*, 96 Idaho at 586, 532 P.2d at 928. The Court in Jackson did not conclude *nolo contendere* and *Alford* pleas were the same, nor did it hold that Idaho accepted *nolo contendere* pleas in criminal cases.

tion. Finally, there is no case law indicating Idaho courts accept pleas of *nolo contendere*. Therefore, we hold that the magistrate did not err in rejecting Salisbury's Rule 11 plea agreement. Accordingly, we affirm the decision of the district court on intermediate appeal, and this case should be remanded to the magistrate for further proceedings consistent with this opinion.

Judge LANSING and Judge GUTIERREZ concur.