IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 24, 2022 Session

**STATE OF TENNESSEE v. DALJIT SINGH**

**Appeal from the Criminal Court for Greene County**
**No. 20-CR-381      Alex E. Pearson, Criminal Court Judge**

———————————————————

**No. E2021-01040-CCA-R3-CD**

———————————————————

        Defendant, Daljit Singh, appeals the criminal court's dismissal of his general sessions appeal from payment of a traffic citation after he filed a motion to withdraw payment of the citation.  Following our review of the entire record and the parties' briefs, we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and TIMOTHY L. EASTER., J., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Daljit Singh.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Dan E. Armstrong, District Attorney General; and J. Bradley Mercer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        Defendant, a truck driver with a California commercial driver's license, was issued a traffic citation on February 18, 2020, by a Tennessee State Trooper for "Obedience to Any Required Traffic Control Device[,] By-passed Scales" in violation of Tenn. Code Ann. § 55-8-109.  Defendant's court date in the Greene County General Sessions Court was set for March 27, 2020.  The citation, signed by Defendant acknowledging receipt, contained the following language:

> In consideration of my not appearing in Court, I, the undersigned, do
> hereby enter my appearance on the Affidavit for the offense charged
> on this notice and WAIVE the reading of the Affidavit in the above

named cause and the right to be present at the trial of said action. I hereby enter a plea of Guilty and waive the right to prosecute, appeal, or error proceedings. I understand the nature of the charge(s) against me; I understand my right to have counsel and I waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plead GUILTY to the charge(s), being fully aware my signature to the plea will have the same effect as a judgment of this court and that a record of it will be sent to the Tennessee Department of Safety Records Section.

Defendant did not seek a continuance, as was his right set forth in the citation, and on March 9, 2020, he paid the citation online in lieu of appearing in general sessions court[1].

It was not until September 24, 2020, that Defendant filed a "Motion To Set Aside Payment of Traffic Citation For Mistake And Or To Hear Or Rehear Traffic Case." In his motion, Defendant asked the general sessions court to "set aside his payment of his traffic citation for mistake and/or to set aside the 'retired' status and judgment resulting from the payment of his traffic citation pursuant to *Tenn. Code Ann.* § 55-10-207(e)[.]" He alleged that he was "locked down" at home on March 27, 2020, due to the "COVID-19 Pandemic," and did not start driving again until June 2020, and "as a result of this situation he paid his traffic citation on[]line on or about March 9, 2020." Defendant further asserted that "[p]ayment of his traffic citation was a 'Mistake' and/or a 'Mistake of Fact[,]'" and "made without knowledge or belief of any relief that was available to him during the COVID-19 pandemic." Defendant, relying on *Williams v. Brown*, 860 S.W.2d 854, 856 (Tenn. 1993), argued that payment of his citation did not amount to an admission of guilt. He further argued that payment of the citation "was not a guilty plea, nor an acknowledgement of guilt, was done without knowledge of any relief that was available to him during the pandemic, and has had a negative effect on his commercial driving privileges."

In a handwritten note on Defendant's motion to set aside payment of his traffic citation, the general sessions court denied the motion on September 24, 2020, stating that "Defendant's actions paying the citation is not a 'mistake' pursuant to statutory and case law." On October 5, 2020, Defendant appealed the general sessions court's denial of his motion to the trial court, and the State filed a response. Prior to the hearing in the trial court, Defendant filed an affidavit stating in part:

I was locked down at home on March 27, 2020, due to California's Covid-19 travel restrictions and I did not start truck driving again

---

[1] On February 10, 2022, the State filed a motion to supplement the record with a copy of Defendant's online receipt for payment of his fine in lieu of a court appearance. We find that a copy of the receipt is not necessary for this court's review of the issue on appeal. Therefore, the State's motion is denied.

until June 2020, so I paid the citation on or about March 9, 2020, before my court date on March 27, 2020.

I had been driving commercially for one and one-half years when I got this traffic citation. I was confused by the open and closed signs of the weigh station. I am careful about my driving. I am concerned about the effects of the points this conviction has on my CDL driving record, and I am asking for the opportunity to request relief.

The trial court held a hearing on the matter, at which the State, relying on *State v. Julie A. Morgan (Moran)*, No. E2017-00532-CCA-R3-CD, 2018 WL 1391629, at *1-3 (Tenn. Crim. App. Mar. 20, 2018), moved to dismiss Defendant's appeal because it was untimely. Defense counsel argued that because Defendant was "locked down" in California due to the COVID-19, "he felt like that paying the ticket was the only option that he had, not realizing that it would affect his commercial driver's license." Defense counsel admitted that Defendant's March 27, 2020, court date "would have probably been continued or reset if [Defendant] hadn't of made the payment." Defense counsel further argued:

And the main thing - - the one thing I would like to point out, Your Honor, is the disposition in the general sessions court. It's not listed as a guilty or any other plea. It just says, "forfeited cash bond," is the disposition. And I have cited - - the *Moran* was cited. *Williams v. Brown*, a Tennessee Supreme Court case dealing with a civil matter in that a previous guilty citation could be used as evidence in a civil case. And the court, the supreme court, concluded that the process of paying a ticket is not a plea of guilty and it's not an acknowledgement of guilt. In *Williams v. Brown* the court also concluded that it would be similar to the effect of a no contest plea. And the - - I need to address - - I would like to address the *State of Tennessee v. Morgan* or *Moran*.

Defense counsel argued that there was no guilty plea in this case because there was no plea in court and no waiver of Defendant's rights and that "forfeited cash bond is the only disposition." He said: "And I bring that up to challenge the 10-day rule which would require a conviction. There is no conviction according to the law in this case." Defense counsel further argued that a traffic citation could be "treated like an attachment" and that "an attachment is brought before the court and it's in the court's discretion based upon the facts and the circumstances of the case." Defense counsel then requested "relief based upon judicial discretion, the fact that there was no plea of guilty, nor an acknowledgement of guilt in this [case]."

The trial court dismissed Defendant's appeal as untimely and finding:

[I]f paying the citation doesn't bring some resolution to the case then I guess one could argue in perpetuity that you could just go back later and filed a motion for reconsideration or an appeal or - - because if it's not - - if it's not a judgment, there's no - - if there's no finality to it then you could ten years from now or 20 years from now challenge the sufficiency of paying your ticket. You know, you might pay it this time and then decide later on, well, I've got another one and so I'm getting too many points and so I want to challenge that a year later, or a year and [a] half later or whatever it might be.

We note that the Tennessee Supreme Court issued several orders related to the COVID-19 pandemic. On May 26, 2020, the supreme court entered an order extending deadlines in "court rules, statutes, ordinances, administrative rules or otherwise" that were set to expire after March 13, 2020, until June 5, 2020." *See In re: COVID-19 Pandemic*, No. ADM2020-00428 (Tenn. May 26, 2020) (order extending state of emergency and easing suspension of in-person court proceedings). Therefore, Defendant had until June 5, 2020, to a file motion in general sessions court to withdraw payment of his citation.

**Analysis**

On appeal, Defendant continues to argue that payment of his traffic citation was a "mistake and/or a mistake of fact" and was made "under stress or duress" during "the COVID-19 lockdowns and restrictions of his home state of California[.]" He further argues that payment of the citation did not result in a "guilty plea nor an express acknowledgement of guilt, nor a conviction," and that his request for relief is "analogous to a request for relief from an attachment, forfeiture, or default judgment for failure to appear, pay, or comply with a court order." Defendant also contends that he is entitled to post-conviction relief. The State responds that the motion filed in general sessions by Defendant was untimely and divested the trial court of jurisdiction and that Defendant is not entitled to post-conviction relief.

In this case, Defendant was issued a citation for violating Tennessee Code Annotated § 55-8-109, a Class C misdemeanor. Tennessee Code Annotated § 55-10-507(f) provides that "[p]rior to the time set for the person to appear in court to answer the charge, the person cited may elect not to contest the charge and may, in lieu of appearance in court, submit the fine and costs to the clerk of the court." Defendant's assertion that payment of a fine in lieu of appearing in general sessions court is not a "guilty plea nor an express acknowledgement of guilt, nor a conviction," is misplaced. In *State v. Julie A. Morgan (Moran)*, 2018 WL 1391629, at *2, this court said:

> "[T]he payment of a traffic fine [pursuant to section 55-10-207(f)] is very closely analogous to a plea of nolo contendere." *Williams v. Brown*, 860 S.W.2d 854, 856 (Tenn. 1993). A defendant who pleads

- 4 -

nolo contendere "does not expressly admit [her] guilt, [but] such a defendant effectively consents to being punished as if [she] were guilty." *State v. Crowe*, 168 S.W.3d 731, 747 (Tenn. 2005). "By entering a nolo contendere plea, a defendant waives several constitutional rights and consents to the judgment of the court." *Id*. at 748. Contrary to the Appellant's argument, her payment of the fine and costs resulted in the entry of a judgment of conviction against her for violation of Tennessee Code Annotated section 55-8-152.

*Id*. Defendant's payment of the fine in this case resulted in the entry of a judgment of conviction against him for a violation of Tennessee Code Annotated § 55-8-109.

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea for any fair and just reason before the sentence has been imposed. Tenn. R. Crim. P. 32(f)(1). After the sentence has been imposed but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "In general sessions court, a judgment becomes final after ten days. Tenn. Code Ann. § 27-5-108(a)" *State v. Julie A. Morgan (Moran)*, 2018 WL 1391629, at *2. In this case, Defendant's judgment of conviction would have been final on March 10, 2020; however, due to the supreme court's order related to the Covid-19 pandemic, this date was extended until June 5, 2020. Defendant in essence did not seek to withdraw his plea until September 24, 2020, by filing a motion to set aside payment of his traffic citation in the general sessions court, well after his judgment of conviction had become final. Therefore, any challenge to Defendant's conviction for bypassing the weigh scales was "necessarily limited to post-conviction remedies." *Id*. In this case, Defendant's motion failed to "state a cognizable claim for any form of post-conviction relief." *Id*. Accordingly, the trial court properly dismissed Defendant's appeal from the general sessions court, and he is not entitled to relief.

## CONCLUSION

Based on foregoing analysis, we affirm the judgment of the trial court.

_____
JILL BARTEE AYERS, JUDGE